## VINES M. LINDSEY *v.* JOHN W. AND HARDY SELLERS.

It is an established maxim, that courts of equity will not do a useless thing.
It is not sufficient that a consideration to uphold a note should be beneficial or
prejudicial to either party to the contract; but it is essential that it should
arise out of a legal act.
A note given for an improvement on public land, where there is no right of
preëmption, is for an illegal consideration, and void.  *Murrell* v. *Legrand*, 1
How., cited and confirmed.

IN error from the circuit court of Yalobusha county; Hon.
F. M. Rogers, judge.

The opinion of the court, and the points made by counsel,
contain a sufficient statement of the case.

*Adams* and *Dixon* for appellant.

We think it manifest that his honor the judge erred in refus-
ing to grant a new trial.  As far as the merits of the contro-

versy at law were concerned, it is clear from the proof that Lindsey was entitled to a verdict and judgment for the full amount of the note sued on. The note was payable to Thomas or bearer, and Lindsey became the bearer for value, and without notice of any defence; not only without notice, but under and with the repeated assurances of the makers, that "the note should and would be paid." Notwithstanding the anti-commercial principle of our law, which allows the maker of a note to set up the same defence against the note in the hands of an assignee, that he could in the hands of the original payee, yet it has been repeatedly held, and wisely and properly too, that where the assignee takes without notice, or with or without, and the maker promises payment to the assignee, and waives all defences, he will not be heard to set up afterwards a defence that existed at the time of such promise and waiver. *Hamer* v. *Johnston*, 6 How. 698; *Ayers* v. *Mitchell*, 3 S. & M. 683.

We think this proposition and the facts, as established by the proof, too clear to require further argument. But if mistaken as to the application of these authorities and the principle of law, what is the utmost that could or should have been allowed the defendants in the trial at law? It is only a failure of consideration to the amount of $150; that being the sum allowed and embraced in the note as given for improvement on the public land; and the remainder of the note is proven to have been given for corn, about which there was no failure, or pretence of failure of consideration. There should, then, in this view of the case, have been a new trial granted, to enable Lindsey to recover the amount about which there was no defence. As to the justice and merits of the controversy at law, they were unquestionably with the plaintiff Lindsey.

And has he not made out a case free of culpable neglect on his part, in the failure to prosecute the suit? We think he has; he alleges in his bill that he was prevented by sickness, and that he was surprised at the defence set up. The fact of his sickness is proven; prostrated on his bed, he spoke to the witness Nugent of his condition, and of his anxiety to attend the court; showing by his words that he was not negligent or unmindful of his duty and interest. Nor can it be said that he

was guilty of laches.   He could not, in fact, have anticipated such a defence, after the repeated and solemn assurances of the Sellers, "that the note should and would be paid."   Hence he could not be expected to be prepared to meet it by his counsel. His counsel, Mr. Acer, proves that he had brought him the letter, but that the letter had been lost or mislaid.   Counsel could not make the necessary affidavit for a continuance, as he had not read the letter; nor are such affidavits expected of counsel. Lindsey could not make it, nor be prepared, because of his sickness.   Surely, no stronger case than this should be required, upon which to grant a new trial.   Although courts of law and equity are stringent in requiring a good showing before they will grant a new trial, yet they have uniformly held, that, "where a party or his counsel are taken by surprise, whether by fraud or accident, on a material point or circumstance which could not reasonably have been anticipated, and where want of skill, care, or attention cannot be justly imputed, and injustice has been done, a new trial will be granted."   Graham, N. Tr. 168, 169; *Taylor* v. *Sorsby,* Walk. R. 97; *Ford* v. *Ford,* Ib. 505; *Brooks* v. *Whitson,* 7 S. & M. 513; *Hening* v. *Winans,* 1 Ib. 466.

Courts will relieve, if injustice has been done by absence or indisposition of party or witness, if not occasioned by neglect. Graham, N. Tr. 161–164; Ib. 210.

*Wharton* for appellees.

It is not controverted by opposing counsel that so much of the note as was for the improvement of the public land, was without consideration and is void.

The testimony of Birding, (who seems to be more familiar with the facts than any other witness,) very clearly shows, that the corn and fodder were paid for when they were delivered, and that the note was executed solely for the improvement.

Your honors must see, that upon the testimony adduced, in support of the allegations of the bill, the complainant would not be entitled to a recovery at law, if a new trial were granted him.   Whether, therefore, it was error in the circuit court to have refused to entertain a motion for a new trial or not, no advantage would be gained by a new trial, no

different result would be attained. A demurrer to evidence in an action at law, would certainly be sustained upon the state of case shown by the bill and proof. It has been repeatedly settled by this court, that, when justice has been done, and a different verdict would not, or ought not to be rendered, a new trial would not be granted.

It is not necessary, in the view we take of this case, to consider whether the sickness of the complainant on the trial of the action at law, the ignorance of his attorney of the contents of the letter, and his inability to produce it, or his surprise at the ground of defence, constitute sufficient reasons for granting a new trial. If the consideration of the note be what Birding swears it was, a recovery can never be had upon it, if a new trial should be granted. The promise of the defendants to pay is without consideration. An action could not be based on that promise.

Again, the evidence in regard to the consideration of the note is conflicting. Suppose it had all been introduced on the trial at law, and a verdict had been rendered for the defendant, in such case a new trial would not be granted. For a stronger reason, the verdict will not be set aside to give opportunity to present conflicting evidence.

The fact of the note being payable to bearer, cannot affect the legal question here involved, which is the want of legal consideration for the note. We have not thought it necessary to cite authorities on the points here presented. They are simple, of easy solution, and the decisions of this and other courts are too numerous and familiar to require comment.

Mr. Chief-Justice SMITH delivered the opinion of the court.

This was a writ of error to a decree rendered in the circuit court of Yalobusha county. The plaintiff in error filed his bill on the equity side of said court, for the purpose of obtaining a new trial in an action at law, decided in said court, wherein Vines M. Lindsey, the complainant in the court below, was plaintiff, and John W. and Hardy Sellers were defendants.

The general question, whether the allegations of complainant's bill, and the proofs taken in the cause, show that he is entitled to relief, covers the whole case.

It is a maxim from which courts of equity are studious not to swerve, that they will never do an useless thing.   Applying this principle, the question arises, whether, if the judgment at law were set aside and a new trial granted, the complainant upon the showing made, would be entitled to a recovery.

The evidence is distinct as to the consideration of the note, upon which the action at law was based.   One witness proves, that the note was given for improvements made upon public land.   That witness states that a note was first given for the improvements and corn which the defendants have purchased from Thomas, the original holder of the note.   The corn was afterwards paid for, and a new note made for the improvements. Of this witness was informed by both parties.   This evidence is direct and positive as to the consideration of the note, and is not necessarily in conflict with the testimony adduced by the complainant.   Assuming, then, that the consideration of the note was improvements made on public land, was it such a consideration as to entitle the complainant to a recovery upon it?

It is not sufficient that a consideration to uphold a note should be beneficial or prejudicial to either party to the contract.   It is essential that it should arise out of a legal act.   In this case, as we have seen, the consideration of the note was improvements made upon public land.   The precise question here was decided by this court in the case of *Murrill* v. *Legrand*, 1 How. 150, in which it was held, that a note given for an improvement on public land, where there is no right of preemption, was for an illegal consideration, and void.

The note on which the suit at law was brought being thus proved to be invalid, it would have been useless and improper to have granted the relief prayed for, unless the promise made by the defendants subsequent to the assignment of the note to plaintiff, to pay the note if he would indulge them, would estop them from setting up the illegality of the consideration.   But this, we think, was not the result.   It is not pretended that there was any other consideration for the promise to pay, than forbearance.   And, admitting that it was distinctly proved that the complainant forbore to sue in consequence of the promise, he was not thereby injured, for the note being void, and, conse-

15*

quently, the party having no right to recover upon it, he could not be injured by the delay.

We think the decree was correct, and, therefore, order it to be affirmed.

FISHER, J., having been counsel in the court below, gave no opinion.