JOHN C. FOSTER *v.* M. A. METTS & Co.

1. UNITED STATES MAILS. *Carrier thereof.*
   The United States government is the carrier of the mails, and those who contract to carry the mails for the government are its agents, and are neither common carriers for the public nor private carriers for individuals.

2. SAME. *Rider or driver, agent of the government.*

A rider or driver employed by a contractor for carrying the mail is an assistant and subordinate agent in the public service of the government, and, although paid and liable to be discharged at pleasure by the contractor, is not engaged in the private service of the contractor.

3. SAME. *Liability of contractor.*

A contractor for carrying the mail is not liable to the loser for money stolen from the mail by the rider or driver employed by him to carry it.

4. SAME. *Promissory note of contractor for lost money.*

A promissory note given by a mail-contractor for money stolen from the mail by his agent and employee carrying the same does not create any liability against the maker thereof. And, in such case, the agreement of the loser to forbear suit for a certain time, and his acceptance of a promissory note payable accordingly, do not constitute any legal consideration for the giving of the note.

ERROR to the Circuit Court of Winston County.

Hon. J. M. ARNOLD, Judge.

M. A. Metts & Co., the defendants in error, were contractors to carry the United States mail from Louisville to Artesia, in this state. J. C. Foster, the plaintiff in error, had $200 in money stolen from the mail on this route, by the carrier employed by the defendants in error to carry the mail. Foster insisted that the defendants in error were responsible for the safe carrying of his money, and should make good to him the loss. The latter at first refused to recognize any liability on their part for the loss, but finally, upon Foster's agreeing to wait a few months for payment, they gave their note for the amount claimed, due at the time agreed upon. The note was not paid at maturity, and this action was brought to recover upon it. The declaration set forth the facts which led to the giving of the note. The defendants filed a demurrer, and it was sustained by the court. To the judgment upon the demurrer this writ of error was sued out.

*R. G. Rives,* for the plaintiff in error.

1. Whatever may have been the difficulty in the original *status* of this transaction, there can be none now. The defendants have precluded themselves from all right to an adjudi-

cation of their original liability, by giving their promissory note. *Town of Ligonier* v. *Ackerman*, 46 Ind. 552, and 15 Am. Rep. 323; Chitty on Con. 43, 44; Story on Con. 440.

2. As to whether the defendants in error were liable anterior to the giving of the note, I would say that the case of *Conwell* v. *Voorhees*, 13 Ohio, 523, does not touch the question. It is not contended that Metts & Co. were common carriers, but that the mail-rider was the agent employed by them, and that such employment afforded the opportunity, which the mail-rider used, of committing the injury. In such case the principal is liable. *New Orleans, Jackson & Great Northern R. R. Co.* v. *Albrilton*, 9 Geo. 242. The exception to the rule that the principal is not liable for the unauthorized act of his agent applies as well to any other employment or business as to the business of a common carrier. Story on Ag. 452.

*Nugent & McWillie*, for the defendants in error.

1. James Woodfin, mail-carrier, acted for the government in the performance of a function which the government is charged to have executed. His contract was with the government of the United States, for the performance of acts in execution of a public function, and not with the plaintiff in error. M. A. Metts, the contractor, was a public agent, and responsible or liable to all persons injured by *his* own negligence; but, though in a sense treated as a principal, was not responsible for the omission, negligence, or misfeasance of Woodfin, if the latter was a trustworthy person of suitable skill and ability, and he did not coöperate in the wrong done by Woodfin. *Conwell* v. *Voorhees*, 13 Ohio, 542; *City of Richmond* v. *Long's Admr.*, 17 Gratt. 378; *Dunlap* v. *Munroe*, 7 Cranch, 242; *Murray* v. *Caruthers*, 1 Metc. (Ky.) 71; *Whitfield* v. *Lord Le Dispencer*, Cowp. 754; Ld. Raym. 646.

2. There being no liability on Metts to answer for the misconduct or negligence of Woodfin, the note in suit was not supported by any consideration good or valuable in law, and was, therefore, *nudum pactum*. *Stone* v. *Stone*, 32 Conn. 142; *Exchange Bank* v. *Rice*, 107 Mass. 37; *Griffith* v. *Ingledew,*

6 Serg. & R. 429, 442; *Parmlee* v. *Thompson*, 45 N. Y. 58; *Kellogg* v. *Olmsted*, 25 N. Y. 189; 1 Story on Con. 554, 556; 2 *ib*. 577.

CAMPBELL, J., delivered the opinion of the court.

The Post-office Department is a branch of the government, instituted for public convenience. The government of the United States has undertaken the business of conducting the transmission and distribution and delivery of all mail-matter. The government is the carrier of the mails. It carries them by the aid of agents it contracts with for this service. Contractors for carrying the mail are the agents of the government in the business undertaken by them. The sender of mail-matter has no contract with the carrier of the mail-bags, and does not commit his mail-matter to him, but to the government, which has undertaken to receive, carry, and deliver it. The contractor for carrying the mail is neither a common carrier nor a private carrier. He does not carry for individuals, nor receive any compensation from them. He has no knowledge of the mail-matter he carries, and no control over it, except to obey the instructions of the Post-office Department. Letters and packets are inclosed in government mail-bags, secured by locks provided by the government, and at all times subject to the supervision and control of the officers and agents of the government in the Post-office Department, who may open the mail-bags and inspect the mail-matter they contain at will. Contractors for carrying the mail are instruments of government whereby it performs the function of transmitting mail-matter from place to place in the execution of this part of its business.

Postmasters are necessary agents for the performance of the business of the Post-office Department, and those who carry the mail from place to place are equally necessary, and engaged in the business of the government.

A rider or driver employed by the contractor for carrying the mails is an assistant about the business of the government.

Although employed, and paid, and liable to be discharged at, pleasure by the contractor, the rider or driver is not engaged in the *private service* of the contractor, but is employed in the public service. *United States* v. *Belew*, 2 Brocken. 280.

A carrier of the mail is required by law to be of a certain age, to take a prescribed oath, is exempted from militia and jury service, and is liable to certain penalties for violations of duty, as well as subject to be discharged from service by any post-master, in a certain contingency. He is a *subordinate agent of the government*, whose employment is contemplated and provided for by the government in contracting to have the mail carried. *Ib.*

Contractors for carrying the mail are responsible for their own misfeasances, but not for those of their assistants. The assistants must answer for themselves. The only security for the safe transmission of packages by mail is the safeguards thrown around it by the regulations of the government, which announces that all valuables sent by mail shall be at the risk of the owner. All that the government promises, in case of loss of money or other valuables from the mail, is to endeavor to recover it and to punish the offender.

The duty of contractors to carry the mail is to carry it from place to place, subject to the regulations of the post-office officials. Their obligation is to the government. They and their assistants are agents of the government, and subject to the rule of law applicable in such cases. Story on Ag., secs. 313, 319 *a*, 321 ; Shear. & Redf. on Neg., sec. 177.

It is well settled that postmasters are not liable for losses occasioned by the sub-agents, clerks, and servants employed under them, unless they are guilty of negligence in not select-ing persons of suitable skill, or in not exercising a reasonable superintendence and vigilance over their conduct. Story on Ag., sec. 319 *a*; Story on Bail., sec. 463 ; 1 Am. Ld. Cas. 785 ; *Schroyer* v. *Lynch*, 8 Watts, 453 ; *Wiggins* v. *Hathaway*, 6 Barb. 632 ; *Keenan* v. *Southworth*, 110 Mass. 474 ; Whart. on Neg., sec. 292 ; Shear. & Redf. on Neg., sec. 180.

As remarked before, carrying the mail is just as necessary, and as much part of the business of the government, as the service rendered at the offices by postmasters; and those employed about carrying the mail are as much the agents of the government as are postmasters and their clerks and assistants. The true test of the character of a person is, not who appoints or pays or may dismiss him, but whether or not he is about a public employment or a private service. 1 Am. Ld. Cas. 621; Story on Ag., sec. 319 *et seq.*

In *Conwell* v. *Voorhees,* 13 Ohio, 523, and *Hutchins* v. *Brackett,* 2 Fost. 252, it was decided that contractors for carrying the mail are not responsible to the owner of a letter containing money transmitted by mail and lost by the carelessness of the agent of the contractors carrying the mail. The rules applicable to agents of the public were applied. And although the doctrine of these cases is criticised in Shearman and Redfield on Negligence (sec. 180), and has been disputed in *Sawyer* v. *Corse,* 17 Gratt. 230, we adopt it as the better view.

In this case the money was stolen by the mail-carrier. As to that, he certainly was not the agent of the contractors for whom he was riding, and, if they were liable for his acts within the scope of his employment, they were not liable for his willful wrongs and crimes. *McCoy* v. *McKowen,* 26 Miss. 487; *New Orleans, Jackson & Great Northern R. R. Co.* v. *Harrison,* 48 Miss. 112; *Foster* v. *Essex Bank,* 17 Mass. 479; *Wiggins* v. *Hathaway,* 6 Barb. 632; Story on Ag., sec. 309.

As the defendants in error were not liable for the money "extracted" from the mail by the carrier, they did not make themselves liable by giving their promissory note for it. It is without consideration. The compromise of doubtful rights is a sufficient consideration for a promise to pay money, but compromise implies mutual concession. Here there was none on the part of the payee of the note. His forbearance to sue for what he could not recover at law or in equity was not a sufficient consideration for the note. *Newell* v. *Fisher,*

11 Smed. & M. 431; *Sullivan* v. *Collins*, 18 Iowa, 228; *Pal-frey* v. *Railroad Co.*, 4 Allen, 55; *Allen* v. *Prater*, 35 Ala. 169; *Edwards* v. *Baugh*, 11 Mee. & W. 641; *Longridge* v. *Dorville*, 5 Barn. & Ald. 117; 1 Pars. on Con. 440; Smith on Con. 157; 1 Add. on Con. 28, sec. 14; 1 Hill. on Con. 266, sec. 20.

Judgment affirmed.