## J. R. BOONE *v*. J. E. BOONE ET AL.

1. PROMISSORY NOTE. *Consideration.* *Compromise of claim.*
   The compromise of a " claim of doubtful validity " is a sufficient consideration to support a promissory note for money.

·2. SAME. *Want of consideration. Pleading. Proof.*

Where, to a plea of want of consideration of a note sued upon, the plaintiff's replication states facts showing *prima facie* a good consideration, the defendant, if he wishes to dispute the replication, must rejoin, and prove the want of consideration.

3. SAME. *Want of consideration. Insufficient plea.*

A plea to an action upon a promissory note, which merely states " that there was no consideration for the note sued on;" is not sufficient as a plea of want of consideration, and is demurrable.

APPEAL from the Circuit Court of Lawrence County.

Hon. A. G. MAYERS, Judge.

J. E. Boone and F. E. Boone brought an action against J. R. Boone upon a promissory note made by him. The defendant pleaded " that there was no consideration for the note sued on." The plaintiffs replied, in effect, that the note was given in compromise of the equitable claim of the plaintiffs to a certain tract of land of which the defendant claimed to be the owner ; and the claim was of doubtful validity, and the plaintiffs were about to bring suit upon it, when it was settled by the relinquishment by the plaintiffs of their claim in consideration of the execution of the note sued. The defendant demurred to the replication, and his demurrer was overruled. Thereupon he traversed the replication ; and issue being joined, a trial was had, which resulted in a verdict and judgment for the plaintiffs. The defendant appealed, and assigned for error the action of the court in overruling his demurrer to the replication.

*R. H. Thompson*, for the appellant.

1. The compromise of a claim which is clearly not maintainable at law or in equity is not a good consideration for a promise to pay money. 1 Story on Con., sects. 436, 449, 556 ; 1 Wait on Act. & Def. 96, 97 ; 37 Barb. 152 ; 12 Barb. 685 ; 3 Pick. 83 ; 20 Ala. 309 ; 3 Ind. 289 ; 12 Minn. 174 ; 15 N. H. 119 ; 3 Ga. 112 ; 4 Allen, 55 ; 52 Eng. Com. Law, 548 ; 1 Pars. on Notes & Bills, 119 ; 1 Selw. N. P. 50 ; Chitty on Con. 9, 10, 50 ; 11 Smed. & M. 431 ; 47 Miss. 165.

2. The replication failed to show any foundation for the

claim, the compromise of which it stated was the considera-
tion of the note, and was therefore bad on demurrer.    1 Pars.
on Con. 442 ; 11 Mee. & W. 641 ; 1 Story on Con., sect. 436 ;
1 Wait on Act. & Def. 96, 97 ; 52 Miss. 541.

*A. C. McNair*, on the same side.

The replication was bad because it did not show that the
plaintiffs, in some mutually binding manner, released or con-
veyed to the defendant their interest in the land claimed by
them.    1 Pars. on Con. 431, 438 ; 2 Bla. Comm. 443.

No counsel in this court for the appellees.

CAMPBELL, J., delivered the opinion of the court.

"The compromise of doubtful rights is a sufficient consid-
eration for a promise to pay money." *Foster* v. *Metts*, 55
Miss. 77.    It is sufficient that the claim be *doubtful*.    A mere
controversy between the parties is held not to be sufficient.
In the case cited, it was disclosed that the note was given for
forbearance to sue on a claim which was not maintainable, and
therefore it was without consideration.

Here, the replication shows that the plaintiffs had a claim of
doubtful validity, which they were about to assert by suit,
when a compromise was mutually entered into, and in which
the note was executed.    This was sufficient ; and if the de-
fendant (below) desired to dispute the doubtful character of
the claim, to settle which he executed the note, he should have
rejoined.    It was for him to show the want of consideration.
*Sullivan* v. *Collins*, 18 Iowa, 228.

The plea of no consideration was demurrable ( *Tittle* v. *Bon-
ner*, 53 Miss. 578), but it was replied to by averring a state of
facts *prima facie* sufficient to entitle the plaintiffs to recover.

Judgment affirmed.