## J. H. GUNNING v. J. P. ROYAL.

1. PROMISSORY NOTE. *Consideration. Settlement of controversy.*
   Giving a note to settle a dispute respecting an injury to hired property does not preclude the maker from showing that he was not liable.

2. SAME. *Burden of proof.*
   In such case it devolves upon the maker of the note when sued to show the entire want of consideration for his promise.

APPEAL from the Circuit Court of Warren County.
Hon. UPTON M. YOUNG, Judge.

For the purpose of carrying dirt from a hill which he was cutting down, the appellant hired a mare and cart from the

appellee, who furnished an inexperienced negro boy for driver. While a fall was being made at one end of the work, the rule was for the cart to be loaded at the other. On one occasion, the boy, although warned by a laborer of the appellant, drove to the wrong end where there was no dirt, but where the bank was ready to be caved, and while he was attempting to comply with another laborer's direction to turn the mare away, some earth accidentally fell, injuring the animal so that she was afterwards killed. The appellee demanded one hundred and fifty dollars for his loss. The appellant denied liability, but after a long dispute and an ineffectual attempt at arbitration, gave his note for sixty-six dollars in settlement of the controversy. When sued, he pleaded want of consideration, and a jury being waived, the court gave judgment for the plaintiff.

*Cowan & McCabe*, for the appellant.

The note, which was made not because the claim was doubtful but because the claimant was importunate, had no consideration. Negligence is not proved against the appellant, but the accident is shown to have been unavoidable. The only carelessness was that of the appellee's driver, who drove where the bank was liable to cave.

*W. R. Spears*, for the appellee.

The appellant had the burden of showing that the claim was not doubtful. Compromise of doubtful rights is a sufficient consideration. *Foster* v. *Metts*, 55 Miss. 77; *Boone* v. *Boone*, 58 Miss. 820. The accident resulted from the gross negligence of the appellant, who controlled the driver and should have prevented him, by guards or otherwise, from driving into the dangerous place.

CAMPBELL. J., delivered the opinion of the court.

The facts disclosed by the evidence acquit Gunning of all blame with respect to the injury to the mare and cart he had hired of Royal. He was, therefore, not legally answerable to Royal for the loss he suffered, or any part of it, and the giving of his note in settlement of the " *controversy* " did not preclude him from showing that he was not legally liable for the payment of the sum promised. The existence of a dispute or

controversy between parties is not a sufficient consideration to support a promise to pay money in settlement of it, where no valid demand for anything whatever exists in favor of the promisee. There must be a valid demand to some extent, or for something, to uphold a promise of this kind. Giving a note to settle a dispute or controversy does not impose any liability on the maker, if he gains nothing and the payee loses nothing by it. In such case, it devolves on the maker of the note, when sued, to show the entire want of any consideration for his promise, and Gunning did so in this case. *Foster* v. *Metts*, 55 Miss. 77, and cases there cited; *Boone* v. *Boone*, 58 Miss. 820.

*Reversed and remanded.*