## GEO. W. JONES *v.* JOHN E. HUGHES.

1. PROMISE TO PAY DEBT OF ANOTHER.    *Consideration.    Release of lien on certain stipulation.*

   One has a debt secured by mortgage, a part of which, the debtor claims, has been paid; a third person buys the encumbered property, and, in consideration of a cancellation of the lien, he verbally promises to pay the mortgagee the entire debt, including the disputed amount, unless the mortgagee's receipt for this is produced. *Held,* that this constitutes a sufficient consideration to uphold the promise of such third person, and he becomes an original debtor liable for the debt, including the disputed portion, if the receipt for it is not produced. This case distinguished from *Foster* v. *Metts*, 55 Miss. 77, and *Gunning* v. *Royal*, 59 Miss. 45.

2. CONTRACT.    *Performance.    When evidence of payment inadmissible.    Right of creditor to insist on compliance with promise.*

   In such case if the promisor is sued for the amount of the disputed indebtedness after cancellation, the receipt not being produced as stipulated for, evidence going to show that the mortgagor had in fact paid the debt prior to the agreement, is irrelevant and inadmissible.

FROM the circuit court of Grenada county.

HON. C. H. CAMPBELL, Judge.

Winter owed Hughes a debt of fifteen hundred dollars, secured by trust-deed on certain land. After certain payments had been made there was a difference between the parties as to the true amount due on this indebtedness, Winter claiming that he had made a payment of five hundred dollars, which payment was disputed by Hughes.

Afterward the appellant, Jones, purchased the land from Winter, not knowing at the time that it was encumbered; but Winter subsequently told him of the mortgage to Hughes, and agreed to pay the balance due on it, the amount being, as he claimed, something less than five hundred dollars. This amount, four hundred and eighty-five dollars, was paid by Jones, Winter claiming that it was the full amount due Hughes.

After this Hughes brought this suit against Jones for the five hundred dollars and interest, alleging that this was the balance

still due on the debt, and that Jones had obligated himself to pay it, all of which the defendant denied.

On the trial, the plaintiff, Hughes, testified that when the defendant, Jones, spoke to him about the mortgage debt after purchasing the land, there was a balance due of nearly one thousand dollars, but that as to five hundred dollars of the amount there was a dispute, Winter claiming to have paid it, while he, plaintiff, denied that such payment had been made; that Jones explained that he had bought the land not knowing it was encumbered, and that Winter claimed to have paid the five hundred dollars, and claimed also that he had a receipt for it; that Jones told him (plaintiff) that he had an opportunity to sell the land, and requested that the trust-deed be cancelled; that plaintiff refused to do this, and that Jones then promised unconditionally to pay the portion of the debt that was not disputed, and agreed also to pay the five hundred dollars if Winter failed to produce the receipt for this amount; that plaintiff thereupon marked the trust-deed satisfied on the record; that Jones afterward paid him all but the five hundred dollars, and that as to this the defendant repudiated the agreement and denied making the promise; that the receipt had not been produced, and that the five hundred dollars, with interest, was due and unpaid.

On the other hand, the defendant, Jones, testified that he only agreed to pay Hughes the amount admitted to be due by Winter, about five hundred dollars, and that Hughes agreed to cancel the mortgage in consideration of this, and did so; that he had paid the amount in full that he assumed to pay. He denied that he promised or agreed to pay the five hundred dollars if Winter failed to produce the receipt, and said that he would not have agreed to pay one thousand dollars to have the mortgage cancelled; denied making an agreement to pay anything on the non-production of Winter's receipt, and denied that anything was said by Hughes about that.

The defendant offered evidence to show that Winter had paid the five hundred dollars before the transaction with Jones. Plaintiff objected to this as irrelevant, the receipt not being produced.

The objection was overruled, but the bill of exceptions states the following as to this : " The court permitted the evidence of payment of the five hundred dollars by Winter to go to the jury only as a circumstance to which the jury might look in determining whether Jones promised to pay the total amount claimed by Hughes."

Winter testified that he had made the payment of five hundred dollars and had taken the receipt of Hughes, which had been lost or destroyed and could not be produced. He detailed the circumstances of the payment. He also testified that he was at the time of the transaction a merchant and kept correct books of account, but that his day-book was lost. Defendant then offered to introduce the ledger in evidence and to show by the witness that the items therein were by him, in due course, correctly transcribed from the day-book. This was offered in corroboration of the testimony of witness that the five hundred dollars had been paid. Plaintiff objected, because the books of original entry were not produced, and because the evidence was irrelevant to the issue. The objection was sustained, and defendant excepted.

In rebuttal plaintiff testified that the five hundred dollars had never been paid.

There was other testimony, but, in view of the decision of this court, it is not important to state it.

At the instance of plaintiff, the court instructed the jury that, if Jones promised to pay the disputed five hundred dollars unless Winter produced the receipt for it, and that Hughes cancelled his trust-deed in consideration of such promise, then plaintiff was entitled to recover, in the absence of the receipt ; and that the defendant, without showing that he had paid the entire debt, could not avoid liability by evidence that Winter had previously paid the five hundred dollars.

For the defendant, the court instructed the jury that the burden of proof was with the plaintiff to show that Jones promised to pay the amount claimed.

The defendant asked the following instruction, which was refused :

"If the jury believe from the evidence that nothing was due Hughes on the note given by Winter, that is to say, if the jury believe from the evidence that Winter has paid to Hughes the five hundred dollars which Hughes says Jones now owes him, the verdict should be for defendant."

The jury found for plaintiff, and judgment was entered accordingly. After motion for new trial overruled, defendant appeals.

*Wm. C. McLean,* for appellant.

1. A promise without consideration is void. If Hughes had been paid the full amount of his debt, the promise of Jones to pay that debt was void. Hughes did not agree to deduct anything; *there was no compromise.*

The mere existence of a controversy is not a sufficient consideration to support a promise to pay money in settlement of it. *Gunning* v. *Royal,* 59 Miss. 46. There was no forbearance, no concession by Hughes. He relinquished no part of the debt. If he had done so, the case would be different. *Foster* v. *Metts,* 55 Miss. 82.

It is not true that Hughes put himself in a worse condition by cancelling the trust-deed. When the debt was satisfied he was compelled to do this. Code 1880, § 1206. He could not exact payment for doing what the law required.

The case stands just as if Hughes had been about to file a bill to foreclose and Jones had agreed to pay the amount claimed to prevent a foreclosure. In such case there would have been no compromise, no concession on the part of Hughes. He demanded all and got all. On this point see *Riffe* v. *Gerow,* 2 S. E. Rep. 104.

2. Aside from the question already argued, the vice of the instruction for the plaintiff is that it makes the liability of the defendant depend *entirely upon the production of the receipt.* The whole case of the plaintiff is planked upon the non-production of this paper. Under the rulings of the court, no matter how clear the proof of payment and the loss of the receipt, they were required to find for the plaintiff if the paper could not be produced. This was error. It was also error to exclude the books of Winter from the jury. Hughes denied that Winter had made the payment. In order to sustain and *corroborate* Winter the books were competent.

It was no objection to the books that Winter remembered the trans-action in question. Nor is it a valid objection that the books of original entry were not produced ; these were lost, and the books offered constituted the *best evidence obtainable.* If Winter's testi-mony as to payment was admissible only in the restricted view allowed by the court, the books were competent. If it was admissi-ble for any purpose, we had the right to corroborate it.

We ask that the judgment be reversed.

*W. H. Fitz-Gerald,* for appellee.

1. The evidence as to payment of the five hundred dollars by Winter was irrelevant and should not have been admitted for *any* purpose. The book that was offered was not the book of original entries, and, if it had been, it would have been incompetent. Winter testified to the facts of his own recollection, and the novel plan was resorted to by defendant of trying to support the primary evidence by the secondary. But it was all incompetent.

2. Taking the statement of Hughes to be true, the only matters of inquiry are : 1. Was the promise of Jones based upon a valu-able consideration ? 2. Is the undertaking without the statute of frauds ? A valuable consideration may consist either in some right or benefit accruing to one party, or some forbearance, loss, or respon-sibility given, suffered, or undertaken by the other. 3 Am. and Eng. Enc. of Law, p. 831. Cancellation of the trust-deed, and assuming the burden of proving the promise of Jones, was a suffi-cient detriment suffered by Hughes.

The undertaking of Jones was not a guaranty to pay the *debt of Winter,* but a promise to pay the amount *claimed by Hughes,* which was disputed by Winter—not upon condition that Winter did not pay, but unless Winter produced a receipt. The considera-tion was wholly for the benefit of Jones, and it was sufficient to uphold the promise which made him original debtor to Hughes as soon as the trust-deed was cancelled. Brandt on S. and G., § 50 ; *Sweatman* v. *Parker,* 49 Miss. 19 ; *Clark* v. *Jones* (Ala.), 4 So. Rep. 771 ; *Miller* v. *Lynch,* 19 Pacific R. 845.

The action of the court on the instructions was proper and the verdict was right. The circumstances all supported Hughes, and

the jury credited his statement that Jones undertook to pay the whole debt if the receipt was not produced, and this was the consideration that induced him to act.

CAMPBELL, J., delivered the opinion of the court.

The action of the circuit court upon the instructions was correct. This case is plainly distinguishable from *Foster* v. *Metts*, 55 Miss. 77, and *Gunning* v. *Royal*, 59 Miss. 45, in which the promise was by the party alleged to be liable, and which was not enforceable because of want of consideration. Here a new party—a third person—induced Hughes to cancel the deed of trust he held, by obligating himself to pay what Hughes claimed to be due him from Winter, unless Hughes' receipt for the sum of five hundred dollars should be produced. Hughes had the right to refuse to cancel the encumbrance without payment, or to prescribe other terms on which he would do it. He says his terms, agreed to by Jones, were production of his receipt for the five hundred dollars, or payment of that sum by Jones. Testimony by Winter that he had paid the five hundred dollars, and had held a receipt by Hughes for it was not what Hughes bargained for, as he testified, and the jury believed and found.

The court did not err in excluding the book of Winter. All the evidence that the disputed five hundred dollars had been paid was irrelevant. The issue was not, whether it had been paid, but as to proof of payment by the production of Hughes' receipt as the evidence of it. He stipulated for that, and was entitled to demand it, under the circumstances of this case.

*Affirmed.*