R. R. SANFORD v. STARLING & SMITH CO.

1. INTOXICATING LIQUORS. *Debt therefor.* *Code* 1880, §§ 1108, 1109.

The stringent provision of § 1108, code 1880, making debts for vinous and spirituous liquors sold in less quantities than one gallon uncollectible, and declaring void all notes and securities given therefor, is limited by its terms to persons *licensed* to retail. Others are subject to § 1109, which prescribes a penalty for disposing of liquors without license.

2. SAME. *Illegal consideration.* *Security good in part.*

Where a note for a past-due account and supplies to be furnished by one not a licensed retailer is executed, and a trust-deed is taken to secure the note, the trust-deed is not void *in toto* because in the account there were items for intoxicating liquors furnished in violation of law and on credit.

FROM the chancery court of Washington county.
HON. R. W. WILLIAMSON, Judge.

*Jayne & Watson*, for appellant.

1. Section 1108 applies only where the seller is a *licensed* retailer. The state consents to give license to retail, but, as one condition of the license, sales under it must be for cash.

2. Only two items in the whole indebtedness were for whisky. There can be a separation of the legal from the illegal, and if the note given for the debt is tainted with illegality, the account and security given therefor, are, nevertheless, good. *Carradine* v. *Wilson*, 61 Miss., 573.

*Dabney & McCabe,* on the same side.

A trust-deed may be good in part and bad in part. It may secure two debts, one good, the other bad; and, where the good can be separated, it will be enforced. *Carradine* v. *Wilson*, 61 Miss. The note was not the contract sued on. It did not fix the indebtedness. There was already an account due, and the note was for enough to cover advances to be made. The account for supplies was the real debt secured by the trust-deed. This suit is to recover the value of cotton to the extent of the open account, and the two items on the account for whisky can easily be separated.

*Orrick & Baker,* for appellee.

The case is governed by *Cotten* v. *McKenzie*, 57 Miss., 418.

WOODS, J., delivered the opinion of the court.

This action was brought by appellant for the recovery of $1,340, the proceeds of forty bales of cotton, alleged to have been sold by appellees to and for the use of appellant. Under the general issue, the appellee gave notice that evidence would be offered to prove that a part of the consideration of the debts secured by a deed of trust executed by L. D. & E. H. Raiford to Sanford, trustee, to secure W. H. Andrews & Bro., was illegal because some part of said debt was for whisky. Under this insufficient notice, evidence was permitted to be presented to the jury, on the trial below, showing that two or three items in the account of W. H. Andrews & Bro. against L. D. & E. H. Raiford, in settlement of which the note and deed of trust offered in evidence were given, were for spirituous liquors sold in less quantities than one

gallon, and this evidence would appear to have exercised controlling influence in the determination of the cause. The court, on appellees' motion, excluded the note and trust-deed from the consideration of the jury, on the ground that a part of the consideration of the note was for spirituous liquors sold in less quantities than one gallon, and, hence, that the note, with the trust-deed given to secure its payment, was void, and that, therefore, appellant had no title to the forty bales of cotton, for whose proceeds this suit was instituted. This action of the court was naturally followed by a peremptory instruction to the jury to find for the defendant.

The action of the trial court is sought to be upheld by counsel for appellee, as we infer, by virtue of § 1108, code of 1880, and the interpretation of that section contained in *Cotten* v. *McKenzie,* 57 Miss., 418. But this contention is fatally erroneous in omitting to notice that the stringent provisions of that section are, by the very terms of the statute, applicable only to persons who are licensed to retail vinous and spirituous liquors in less quantities than one gallon. The section, in pursuance of the general public policy of our legislation to control and hamper the retail liquor traffic, undertook to limit the extent of that particular business by requiring it to be conducted on a strictly cash basis, and made non-collectible, in whole or in part, any debt contracted for liquors sold at retail on a credit, at the same time declaring all notes or securities given therefor to be void. This § 1108, by its plain terms, applies only to *licensed* retail liquor-dealers, and its penalty is imposed upon this class of persons alone. The succeeding section, 1109, prescribes the penalty to be imposed upon merchants and others who sell or give away liquors at their places of business without having been licensed as retail liquor-dealers. To enlarge § 1108 by such judicial construction as to make it include not only licensed retail liquor-dealers, but all other classes of persons engaged in every other species of trade would not only be repugnant to all rules of statutory construction, but

would clearly violate the expressed legislative intent in the enactment of the statute, which was, as already stated, to further burden and restrict the retail liquor traffic.

The thoroughly considered case of *Cotten* v. *McKenzie*, 57 Miss., 418, affords no support for the views of appellee. In that case a recovery was sought on a note, the consideration of which was an account for supplies for family use and various items of vinous and spirituous liquors, in less quantities than one gallon, which had been sold by a *licensed* retail liquor-dealer to his customer on a credit; and the court, in an exhaustive opinion, held that the note, having been given for supplies *and* for liquors in less quantities than one gallon, which had been sold on a credit by a licensed retail liquor-dealer, must be treated, in that proceeding, as a whole, and was therefore void as a whole. The ground upon which that opinion rests is that a part of the consideration of the note in that case was illegal [not merely insufficient], and the contract was wholly void. The illegality consisted, as clearly appears in the opinion, in the sale of liquors in less quantities than one gallon on a credit by a licensed retail liquor-dealer.

The proof in the case before us is undisputed that W. H. Andrews & Bro. were not licensed retail liquor-dealers, but merchants carrying on a general supply business, who laid themselves open to punishment under § 1109 of the Code.

We cannot agree that the merchant who has sold to his customer family and plantation supplies to the amount of $1,340, and who has, in that amount, either inadvertently placed two or three small items of spirituous liquors, purchased elsewhere at the buyer's request, or who has wilfully sold, at the customer's request, two or three small items of liquors in less quantities than one gallon, and charged the same in the customer's general account, shall lose his entire demand, under a mistaken application of a rule never designed for him, but which is confined, by its own terms, to persons licensed to carry on an unfavored retail traffic in liquors.

*Reversed and remanded for a new trial.*