FETTERMAN v. BADGER LUMBER & MFG. CO.

(Division A. Feb. 8, 1932.)

[139 So. 406. No. 29648.]

**Wells, Jones, Wells & Lipscomb,** of Jackson, for appellant.

**R. H. & J. H. Thompson** and **Fulton Thompson,** all of Jackson, for appellee.

550

Argued orally by **Calvin Wells**, for appellant, and by **Fulton Thompson**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is a suit by the appellee for the breach by the appellant of a promise by him to pay the appellee a sum of money. At the close of the evidence, the court below directed the jury to return a verdict for the appellee for the amount sued for. There was a judgment accordingly.

It appears, in substance, from the declaration that the appellee is engaged in business at Oshkosh, Wisconsin, and the appellant at Jackson, Mississippi. The appellee ordered from the appellant a carload of lumber of certain grade and dimensions. On receipt of the lumber, the appellee unloaded it from the railroad cars in which it was shipped, inspected it, and ascertained that a large part of it differed in grade and dimensions from that ordered. It then advised the appellant that it would reject the lumber. It was then requested by the appellant to reload the lumber and ship it to another destination, which it agreed to do, provided the appellant would reimburse it for the expenses incurred in the matter, including the expense of reloading the car, aggregating the sum of three hundred twenty-two dollars. This the appellant agreed to do, and mailed his check to the appellee therefor, on receipt of which the appellee reloaded

and forwarded the car to the required destination. The bank on which this check was drawn declined to pay it.

The suit is not on the unpaid check, but on the appellant's promise to pay, hereinbefore set forth.

In support of the appellee's contention that the lumber was not of the grade and dimensions specified in its order, one of its employees testified that he inspected the lumber and gave its grade and dimensions, according to which the grade and dimensions of a substantial portion of the lumber differed from the grade and dimensions of the lumber sold. A memorandum in writing on one of the documents in evidence, proven to be in handwriting of one of the appellee's executive officers, directed another employee to tell the inspector to grade the lumber tight. The appellant's evidence was to the effect that substantially all of the lumber, when loaded, was of the grade and dimensions ordered. If the lumber was of the required grade and dimensions, the appellee, of course, should have accepted it. But if a substantial portion of it was not of the required grade and dimensions, it had a right to reject it, and to hold it until the appellant reimbursed it for the legitimate expenses incurred by it relative thereto; or, after its release of the lumber, to recover this expense in action against the appellant therefor. In that aspect of the case, the question, of course, would be for the determination of the jury; the evidence being in conflict as to whether or not the lumber was of the grade and dimensions ordered.

But the suit is on an express promise of the appellant to pay the amount of the appellee's claim, and if this promise is supported by a sufficient consideration, it, of course, is binding on the appellant. That consideration is said to arise because the promise was given in settlement of a disputed claim.

The settlement of this dispute was not a compromise, for ''compromise implies mutual concession,'' and the

appellee conceded nothing, but obtained a promise from the appellant to pay, and now seeks to recover from it the full amount claimed from it. All it did was to surrender or forbear to assert its claimed right to hold the lumber until payment was made by the appellant. The question then is, Is this forbearance a sufficient consideration for the appellee's promise to pay?

Forbearance to assert a valid claim or right is sufficient, under all the authorities, to support a promise. But the validity of the appellee's claim to the right to hold the lumber until payment was made by the appellant, as hereinbefore stated, depends on whether the lumber was of the required grade and dimensions; and, on the evidence, that question was for the determination of the jury. The directed verdict therefore was error, unless it can be upheld under the rule governing the surrender of an invalid claim that reasonably appeared to be doubtful.

The courts are not in accord on this question, and there are three lines of decision dealing therewith. An examination of 13 C. J. 346 will disclose that:

(1) According to the early English, and some of the American decisions, forbearance to assert a claim is not a sufficient consideration for a promise, unless the claim is actually valid in law. Among the American decisions there cited as approving this rule are Foster v. Metts, 55 Miss. 77, 30 Am. Rep. 504; Newell v. Fisher, 11 Smedes & M. 431, 49 Am. Dec. 66.

(2) According to the majority of the American and the later English decisions, forbearance to assert a claim "which might reasonably be thought doubtful is a sufficient consideration to support a promise." And

(3) According to some English and American decisions, forbearance to assert a claim honestly believed to be well founded is sufficient to support a promise, though the claim was not, in fact, well founded or reasonably doubtful. This third group of decisions em-

braces those of some of the courts cited among the second group.

The rule adopted by the American Law Institute in its "Restatement of the Law of Contracts," by section 76 of the official draft thereof, is that any consideration that is not a promise is sufficient to support a promise, except, among other things, the following: "(b) . The surrender of, or forbearance to assert an invalid claim or defense by one who has not an honest and reasonable belief in its possible validity." In the explanatory note to this section it is said: "How far the validity of the claim forborne or surrendered is the test of the sufficiency of the forbearance or surrender as consideration, and how far the promisee's honest belief in his claim is enough has been the subject of much litigation. Under the early law the claim must have been valid; then it was said to be enough if it was doubtful in fact or law, and many American cases still state this as the test. The modern English law, followed by not a few American cases, makes the honesty of the claimant the test. In practically all of such cases, however, the claim was not wholly unreasonable. Subsection (b) is supported by abundant authority."

This court has repeatedly held that forbearance to assert a claim, unenforceable either at law or equity, is not sufficient consideration to support a promise. Newell v. Fisher, 11 Smedes & M. 431, 49 Am. Dec. 66; Waul v. Kirkman, 13 Smedes & M. 599; Lindsey v. Sellers, 26 Miss. 169; Foster v. Metts, 55 Miss. 77, 30 Am. Rep. 504; Gunning v. Royal, 59 Miss. 45, 42 Am. Rep. 350; Sanford v. Starling, 69 Miss. 204, 10 So. 449; House v. Callicott, 83 Miss. 506, 35 So. 761. In no case decided by this court, that has come under our observation, was anything said as to the effect on its sufficiency as a consideration of "an honest and reasonable belief in the possible validity of the claim" surrendered or forborne.

But in Gunning v. Royal, supra, it was said that the existing dispute "or controversy between parties is not a sufficient consideration to support a promise to pay money in settlement of it, where no valid demand for anything whatever exists in favor of the promisee. There must be a valid demand to some extent, or for something, to uphold a promise of this kind. Giving a note to settle a dispute or controversy does not impose any liability on the maker, if he gains nothing and the payee loses nothing by it."

It is not necessary for us to now decide whether prior decisions of this court limit the sufficiency of forbearance to assert a claim to claims that are valid, or whether we are at liberty to, and should now, adopt one of the rules exemplified by the second and third lines of decisions heretofore referred to. For in either event, the question of the sufficiency here of the consideration, because of the conflict in the evidence, would be for the determination of the jury. Under the first line of decisions, it would be for the jury to say whether or not the lumber was, in fact, of the required grade and dimensions; under the second, whether the appellant's claim, that the lumber was not of the required grade and dimensions, was reasonably doubtful; and under the third, whether the appellant had an honest and reasonable belief in the validity of its claim that the lumber was not of the required grade and dimensions.

Reversed and remanded.