STANLEY *et al. v.* SUMRALL.

(Division A. May 1, 1933. Suggestion of Error Overruled, June 12, 1933.)

[147 So. 786. No. 30399.]

Fishel & Stevens, of Hattiesburg, and Arthur G. Busby, of Waynesboro, for appellants.

Arthur G. Busby, of Waynesboro, for appellants.

Shannon & Schauber, of Laurel, for appellee.

Argued orally by **E. C. Fishel** and **Arthur G. Busby**, for appellants, and by **C. R. Shannon**, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Mrs. Fannie Sumrall Stanley, Mrs. Carrie Sumrall Sanderson, Mrs. J. F. Jeffcoat, W. H. Sumrall, D. W. Sumrall, and Archie Sumrall, appellants here, each brought suit in the court below against Lorenzi Sumrall, filing separate declarations, each suit for the sum of one thousand two hundred fifty dollars; the basis of said suits being an oral contract by which the appellants agreed to forbear contesting the will of their father, Roann Sumrall, who died testate on March 11, 1931, leaving as his heirs at law the parties plaintiff in the court below, appellants here, together with the appellee, Lorenzi Sumrall, and his sister, Clara Sumrall. By order of the court, the suits were consolidated and tried as one. The de-

fense to this suit was that there was no consideration for the oral contract. From a judgment in favor of appellee, appeal was taken to this court.

The plaintiffs' evidence establishing the alleged oral contract is as follows: After the funeral of their father, Clara Sumrall told her brothers and sisters that their father had left a will in which he gave to her and her brother, Lorenzi Sumrall, each ten thousand dollars more than was given to the other children, and, in addition, some farm land. Thereupon a spokesman for the less favored children announced that he did not believe that to be his father's will, and that they would contest the will. A contract was entered into, on Lorenzi's proposition, that Lorenzi and Clara would divide the twenty thousand dollars bequeathed to them equally among all the heirs at law, if the appellants would agree not to contest the will, the money to be paid over to them on Wednesday after the term of the chancery court in Wayne county, to be held in October, 1931.

Under the will of the testator, after the special devise, as stated, of land, and of ten thousand dollars each to Clara and Lorenzi Sumrall, the balance of the estate was to be held in trust for the benefit of all the children of decedent. The amount of the personal estate, in addition to the lands devised to Clara and Lorenzi Sumrall, was about fifty thousand dollars. The agreement in nowise affected the bequest in trust.

In addition to these facts, it was shown that about a year before the execution of the will Roann Sumrall had become feeble, and some of the heirs testified to circumstances indicating, as they believed, that their father was incapable of executing a will. Also it was suggested that Clara and Lorenzi Sumrall, who had lived with their father for many years, might have exercised undue influence. The appellants had been married for many years, and lived some distance from their father, whom they did not see often. The contract here involved was made before any investigation of the father's mental capacity, and of the conditions under which the will was executed.

The will was duly probated, and was not contested. When the time for the payment of the money under the agreement arrived, Lorenzi and Clara Sumrall declined to abide by their oral contract with the appellants.

For the purpose of considering this case, it must be assumed that the contract was established, and that the appellants had abided by the oral contract in not contesting the will.

The court below excluded the evidence of the appellants, and granted the appellee a peremptory instruction, and judgment was rendered accordingly. The peremptory instruction apparently was granted on the theory that the rule in this state is that forbearance to assert a claim is not a sufficient consideration, unless the claim is, in fact, valid in law; and, if there is such a rule in this jurisdiction, the peremptory instruction was proper. After examining the authorities, we have reached the conclusion that this rule has not been approved by this court.

We adopt the rule set forth in the American Law Institute, in its "Restatement of the Law of Contracts," section 76 of the official draft thereof, to the effect that any consideration that is not a promise is sufficient to support a promise, except the following: " '(b) The surrender of, or forbearance to assert an invalid claim or defense by one who has not an honest and reasonable belief in its possible validity.' In the explanatory note to this section, it is said: 'How far the validity of the claim foreborne or surrendered to the test of the sufficiency of the forbearance or surrender as consideration, and how far the promisee's honest belief in his claim is enough has been the subject of much litigation. Under the early law the claim must have been valid; then it was said to be enough if it was doubtful in fact or law, and many American cases still state this as the test. The modern English law, followed by not a few American cases, makes the honesty of the claimant the test. In practically all of such cases however, the claim was not wholly unreasonable. Subsection (b) is supported by

abundant authority.' '' Fetterman v. Lbr. & Mfg. Co., 162 Miss. 553, 139 So. 406.

The rule is sometimes expressed in this language: That forbearance to assert a claim which might reasonably be doubtful is sufficient consideration to support a promise.

When the words "doubtful claim" are defined, there can be but faint distinction, if any, between the rule just quoted and the rule controlling in Mississippi in its practical application. What, then, is a doubtful claim? We adopt the following as the correct definition: "A doubtful or disputed claim, sufficient to constitute a good consideration for an executory contract of compromise, is one honestly and in good faith asserted, arising from a state of facts on which a cause of action can be predicated, with a reasonable belief on the part of the party asserting it, that he had a fair chance of sustaining his claim, and concerning which an honest controversy may arise, although, in fact, the claim may be wholly unfounded." 11 C. J., p. 816, note 30-a. See Sharp v. Bowie, 142 Cal. 462, 76 Pac. 62.

The following cases have been considered by us in reaching our conclusion: Newell v. Fisher, 11 Smedes & M. 431, 49 Am. Dec. 66; Waul v. Kirkman, 13 Smedes & M. 599; Lindsey v. Sellers, 26 Miss. 169; Foster v. Metts, 55 Miss. 77, 30 Am. Rep. 504; Boone v. Boone, 58 Miss. 820; Gunning v. Royal, 59 Miss. 45, 42 Am. Rep. 350; Sanford v. Starling, 69 Miss. 204, 10 So. 449; and House v. Callicott, 83 Miss. 506, 35 So. 761. In all these cases we are of the opinion that forbearance to assert a claim, unenforceable either at law or equity, is not sufficient consideration to support a promise.

In the case of Fetterman v. Badger Lbr. & Mfg. Co., 162 Miss. 547, 139 So. 406, 407, attention was called to the language of the court in the case of Gunning v. Royal, supra, which might be construed to militate against what we have said, which language is as follows: "It was said that the existing dispute 'or controversy between parties is not a sufficient consideration to support a promise to

pay money in settlement of it, where no valid demand for anything whatever exists in favor of the promisee. There must be a valid demand to some extent, or for something, to uphold a promise of this kind. Giving a note to settle a dispute or controversy does not impose any liability on the maker, if he gains nothing and the payee loses nothing by it.' '' This was the language of Judge CAMPBELL, speaking for the court, and he cited with approval, in support of that view, the cases of Foster v. Metts, and Boone v. Boone, supra.

However, it will be observed that, despite the language just quoted, that court adhered to the rule that there was absolutely no merit in the claim for which the note was given. It will be necessary then to see what rule Judge CAMPBELL applied, and reference to the case of Boone v. Boone, supra, shows that Judge CAMPBELL tersely stated the rule in the following words: " 'The compromise of doubtful rights is a sufficient consideration for a promise to pay money.' Foster v. Metts, 55 Miss. 77 (30 Am. Rep. 504). It is sufficient that the claim be doubtful. A mere controversy between the parties is held not to be sufficient. In the case cited, it was disclosed that the note was given for forbearance to sue on a claim which was not maintainable, and therefore it was without consideration.''

It will thus be seen that the distinguished judge recognized the rule to be that there must be a doubtful claim. The definition which we have hereinabove given of a doubtful claim, as quoted, if we read ''doubtful claim'' for ''doubtful rights,'' would be to all practical effects the same as announced in Restatement of Law, as quoted by us. So we think the statement of the rule in American Law Institute is supported by the language of Judge CAMPBELL in the Boone case, which was not withdrawn by him in the Gunning case. He was simply applying the facts of that case to the law as declared in the Boone case.

In the case of House v. Callicott, 83 Miss. 506, 35 So. 761, the rule we have adopted is clearly approved. In

the case at bar, by virtue of section 1609, Code of 1930, the plaintiffs in the court below were heirs at law of their father, and unquestionably had a right to bring suit to contest their father's will as interested parties. There is no evidence to show that in making this compromise they did not act honestly and in good faith, and in the reasonable belief that they could maintain their claim that the will was not the product of their father's brain. The burden of proof was upon the appellee to show no consideration, once the appellants had established a prima-facie case, to-wit, the contract. Boone v. Boone, 58 Miss. 820, supra.

Courts of equity have long settled the rule here announced, especially with respect to family settlements. See Parker v. Broadus, 128 Miss. 699, 91 So. 394; Blount v. Wheeler, 199 Mass. 330, 85 N. E. 477, 17 L. R. A. (N. S.) 1036; and Grochowski v. Grochowski, 77 Neb. 506, 109 N. W. 742, 13 L. R. A. (N. S.) 484, 15 Ann. Cas. 300. But we are not here called on to say whether or not we would enforce this rule of equity in a common-law court. The case at bar is one for the jury.

Reversed and remanded.