## Milstead *v.* Maples.

(Division A. Jan. 3, 1938. Suggestion of Error Overruled Jan. 17, 1938.)

[177 So. 790. No. 32949.]

Henry Edmonds, of Jackson, for appellant.

Mize, Thompson & Mize, of Gulfport, for appellee.

McGehee, J., delivered the opinion of the court.

On February 23, 1934, appellant brought this action in the circuit court of Harrison county on a promissory note, executed in his favor by D. L. Mohler, now deceased, and by the appellee, on January 1, 1928, for the sum of $844.52, due and payable on March 1, 1928, with 6 per cent. interest per annum from date, and providing for a reasonable attorney's fee. The note was first probated against the estate of Mohler but to no avail, because of the estate's insolvency.

Appellee filed a special plea to the effect that he was merely an accommodation indorser thereon, and that both the note and his indorsement thereof were executed without there being any consideration to support the same; that long prior to the execution and delivery of this note Mohler and others had sold to appellant an interest in the Premier Life Insurance Company which they had organized but which had failed to function, and the fair import of the plea is, as we gather from the other pleadings and the proof in the case, that the original note, of which this one is a renewal, was given to adjust a demand then being made by appellant for a refund of the sum of $2,000 cash previously paid by him into the treasury of the company; that the note was given for an illegal consideration, contrary to public policy, and was therefore void; that the note was executed under duress; and the plea further avers that no credit was extended or consideration advanced on appellee's indorsement so as to render him liable. To this plea there was a replication setting forth that the note sued on was in fact given in renewal of a prior note for the larger amount, on which three separate payments had been made by Mohler, aggregating the sum of $1,300, resulting in a renew-

al when each of these payments was made, and in the reduction of the indebtedness to the amount sued for; that the original note and the renewals thereof were given to settle the claim of the appellant for a refund of the money invested by him in the company, and which he claimed had been expended and advanced by the officers of the company, of which Mohler was one, without authority so to do, and under circumstances such as to render him personally liable therefor; and that appellee was not merely an accommodation indorser on the note but a comaker thereof.

It appears from the record that prior to the execution of the original note in favor of appellant for the sum of $2,000 he had subscribed the sum of $5,000 for an interest in the Premier Life Insurance Company, which seems to have been organized as a mutual insurance association, and had paid $2,000 of his subscription in cash and executed a note for the remainder. There was an additional $4,000 paid in by other interested parties, a substantial part of which was paid by Mohler and appellee, and also the sum of $240 received from applicants for policies which were never issued. The company having failed to function, appellant requested and was furnished a financial statement by appellee, treasurer of the company, from which it appears that among other disbursements of the funds, amounting to $8,207.90, the sum of $2,000 was advanced to one J. W. Harpole, with the following explanatory statement as to the purpose thereof: ''Mr. Harpole claiming the idea and knowledge of a Company of this kind interested Dr. J. C. Jones, L. W. Maples and D. L. Mohler in joining him in the formation of the association—which appeared to be very promising and feasible—and insisted in order for him to give the association the time and attention necessary for its promotion he would have to be advanced the sum of $2,000 to pay off some pressing obligations that he then had, and believing him sincere it was done.''

Thereafter, appellant began making written demands

for the refund of his $2,000 in cash and the return of his $3,000 note. These demands were by letters written by the appellant at Jackson, Miss., and addressed to D. L. Mohler, Gulfport, Miss., bearing dates of May 1, July 10, July 20, and August 15, 1925. The letters were introduced in evidence by appellee, during the cross-examination of appellant, as constituting duress in inducing Mohler and appellee to execute the original note of $2,000, the making of the payments from time to time thereon, and the renewals of the note until the principal and interest thereof were reduced to the amount for which the note sued on was given. Appellee testified, in substance, that the original note was given by Mohler to prevent any prosecution and publicity; that Mohler was in fear of criminal prosecution because of the tone of the letters; and that he signed the note to satisfy Mohler from apprehension about getting in trouble. But we fail to find anything contained in any of these several letters that can be deemed to constitute a threat of criminal prosecution. It would unduly lengthen this opinion to set out the letters in detail, and we consider it sufficient to say that the strongest statement contained therein is an expression of the writer that it looked to him like there was something wrong in the matter, and that unless the $2,000 paid by him to the company was refunded he intended to have an investigation made. He did not state whether this investigation would be made for the purpose of establishing civil liability against the officers of the company or for what purpose. It is true that appellant admitted at the trial, which was several years after the execution of the original note and the renewals thereof, that it was in fact his intention to turn the matter over to the proper authorities for investigation, but it is not shown that this intention was communicated to the signers of the notes prior to the execution thereof, unless it can be said that the statement in his letters to the effect that he intended to have an investigation made amounted to such a communication, and

we are of the opinion that the statements contained in the letters do not amount to a threat of criminal prosecution or to such duress under the law as to have deprived the signers of the note of the exercise of their free will, discretion, and judgment when they signed the same.

The appellee sought to have the issue of duress, on the theory of threats and fear of criminal prosecution or exposure, submitted to the jury in his instructions, but these instructions were refused by the court, evidently for the reason that the acts thus complained of had not been proven.

Appellant requested a peremptory instruction, which was refused; and the case was submitted to the jury on the issue of whether or not the appellee had received anything of value, such as a postponement of a remedy on the part of appellant, and the jury returned a verdict for appellee, from which appellant takes this appeal.

Under section 2680, Code of 1930, which is a part of the negotiable instrument statute, it is provided that: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." Therefore, the burden was on appellee to prove a want of consideration. The note having been signed by him before its delivery, immediately following the signature of Mohler thereon, he was a comaker for aught that appears from the face of the instrument.

Under the rule announced in the case of Boyd et al. v. Applewhite et al., 121 Miss. 879, 84 So. 16, directors and officers of a bank are liable for improvident and excessive loans made by them to the individual directors, which cause a bank to become insolvent and the capital stock to become worthless, and the minority stockholders are entitled to recover damages for the loss of their stock. This rule is applicable in the case at bar against such officers as were in charge of the funds of the Premier Life Insurance Company and who may have participated

in expending or advancing its funds without proper authority. Such a claim of liability, which was not unfounded, was being asserted by appellant against Mohler in particular prior to the execution of the original note and the renewals thereof. His forbearance to assert any remedy that he may have had against Mohler or any of the other officers in that behalf constituted a sufficient consideration for the note.

In the case of Fetterman v. Lumber & Manufacturing Company, 162 Miss. 547, 139 So. 406, it was held that the forbearance to assert a valid claim or right is sufficient consideration to support a promise. And in the case of Stanley et al. v. Sumrall, 167 Miss. 714, 147 So. 786, 788, the court went further in applying the rule, in order to determine the issue there involved, and approved as a further correct statement thereof, the following language: ''That forbearance to assert a claim which might reasonably be doubtful is sufficient consideration to support a promise.'' In that case there was an oral agreement among the heirs at law to the effect that those who were less favored under the will of their father would forbear to contest the same in consideration of an agreement on the part of the favored ones to make a fair and more equitable distribution of the assets of the estate, by paying over a part of the funds received by them under the will. The plaintiffs' evidence established the agreement of defendants to pay over a part of the money bequeathed to defendants under the will, and proved the oral contract to forbear to contest the will as a consideration therefor. To show that their contemplated contest of the will was not unfounded, the plaintiffs offered evidence to show mental incapacity on the part of their father to execute the will, and also undue influence. A peremptory instruction was granted in favor of the defendants. The court reversed the case for the reason that the burden of proof was upon the defendants to show no consideration, once the plaintiffs had established a prima facie case, to-wit, the contract;

and while the court said that the case was one for the jury, it is not to be understood that the plaintiffs would not have been entitled to a peremptory instruction if the defendants had failed to offer evidence to meet the case thus made.

We are of the opinion that there was not sufficient evidence to go to the jury on the defense made to the effect that the note sued on was given under legal duress or was not supported by a consideration, and because of the error in submitting the issue of no consideration to the jury the case must be reversed. Appellant was entitled to the peremptory instruction as to liability on the note, but we are unable to render judgment here in his favor for the amount that he may be entitled to recover, since he failed to offer any proof as to a reasonable attorney's fee as provided for in the note, and for which he has sued.

Reversed and remanded.