Mr. Justice Clayton
delivered the opinion of the court.
The principal question in this case is, whether, by the act of 1822, in regard to the rate of interest upon money loaned, it was necessary in order to a recovery that the contract, bond or note, in addition to the rate of interest, should afso express upon its face, that it was given for .money lent.
The statute in substance enacts, “ that ten per cent, per an-num may be taken and allowed, on all contracts, bonds, or notes in writing, signed by the debtor for the bond fide loan of money, expressing therein the rate of interest fairly agreed on between the parties, for the use of the money so loaned. Provided, that if any contract, bond, or note, founded on any other consideration than the bond fide loan of money, shall fraudulently express therein that the same is entered into or given for money lent, then no interest shall be allowed.” Hutch. Code, 641.
From this it will be seen, that the statute does not require that the fact that the consideration is money lent, should be expressed in the instrument, but only the rate of interest. The object of the proviso was to prevent the party from being estopped by a false recital, which might be inserted in the instrument, from proving the true nature of the transaction.
We think the court below erred in excluding the proof, which was offered, to show that the note in this case, which reserved upon its face an interest of nine per cent., was given for money lent, although such consideration did not appear upon its face. Nor does the admission of such testimony interfere with the rule, that parol evidence shall not be permitted “to contradict, or vary, or add to, the terms of a deed.” “ In an action on a bond, a party will not be permitted to show a condition different from *336 that expressed in the bond; and a conveyance cannot be averred by parol to be to another use or intent than that expressed in the conveyance. But there is a difference in this respect between an use and a consideration. It is an established rule, that a party may aver a consideration not contrary to, or inconsistent with, that expressed in the deed.” 1 Phil. Ev. 548, 549.
This kind of proof may, perhaps, be considered an exception to the general rule; but at all events its legality is well settled. In recognising the exception, we do not mean to impair or affect the cases of Powell v. Jones, of Heaverin v. Donnell, 7 S. & M. 244, or any other decision made by this court upon the subject.
The judgment is reversed and cause remanded for new trial, in accordance with this opinion.
Judgment reversed.