HARVEY YERGER et ux. v. JOHN T. FOOTE.

1. CHANCERY—JURISDICTION.—A creditor taking the note of an executor in renewal of a note of his testator, may proceed by bill in equity to subject the real estate of the testator to the payment of the executor's note, unless the note taken in renewal was intended by the parties to have the effect of an absolute payment.

2. EXECUTOR—RENEWAL NOTE OF TESTATOR.—The renewal of a note of a testator by his executor makes him personally liable, but the debt due the creditor is not extinguished by the substituted note, nor is the estate of the testator in any way discharged from its payment, unless the note taken in renewal was intended by the parties to have that effect.

APPEAL from the chancery court of Washington county. TRIMBLE, Chancellor.

The facts necessary to a proper understanding of the case, appear in the opinion of the court.

*Nugent & Yerger*, for appellants.

The chancery court had no jurisdiction of the matter. The complainant had a valid legal claim against Harvey Miller's estate that could have readily been

enforced through the probate court, whose jurisdiction was full, adequate and complete. Favre v. Graves, 4 S. & M. 707; Sheen v. Sheen, 25 Miss. 573; Powell v. Burruss, 35 ib. 615; 30 ib. 452; 26 ib. 70; 2 How. 856; 7 ib. 143; Pollock v. Buie, 43 Miss. 140; Story Eq. Jur., § 543 *a*.

The only authority in opposition to the cases cited is that of Woods v. Ridley, 27 Miss. 150, and whatever may have been said by the court in arguing, the fact appears of record that the bill was dismissed by the chancellor at the hearing, and that this decree was affirmed. The creditor, in that case, sought to subject the estate of a decedent to the payment of a debt for money loaned the representative, on the ground that the money was used in the payment of the debts of the estate; and the court say, "if it were conceded that the note of the administrator created a valid charge against the estate, the concession would be fatal to the complainant. His equity only arises in case the money advanced has, in fact, been applied to the payment of debts for which the estate was justly and legally liable. In such cases, the creditor of the administrator will be permitted to take his place, and will be subrogated to his rights." Woods v. Ridley, therefore, decided, if it decided anything at all, that the loan of money to an administrator for the payment of the debts of the intestate, if the money were actually so employed, created an equity in favor of the lender against the estate upon the principle of subrogation. In this case there was no loan of money, but the simple renewal of the testator's note, which was purposely not intended either to pay the debt or subject the executor to personal liability. There was, then, no exoneration of the estate, and no personal liability on the part of the executor, and the doctrine of subrogation could not be invoked.

*Johnston & Johnston,* for appellees,

Contended, that this case was squarely within the rule laid down in Woods v. Ridley, 27 Miss. 150, and Peter v. Beverly, 10 Pet. 532.

PEYTON, C. J.:

Harvey Miller was indebted, by note, to George W. Ward, which, at the close of the war, was renewed by Edward P. Johnson in his own name, as executor of the last will and testament of said Harvey Miller, deceased, and the new note was transferred for valuable consideration to John T. Foote, who recovered a judgment thereon at the November term, 1868, of the circuit court of Washington county, against the said Edward P. Johnson in his fiduciary capacity as executor of Harvey Miller, decased, for the sum of $19,578.72.

On said judgment, $5,000 have been made under a decree of the court of chancery, enforcing certain liens upon specific property of said testator; and an execution on the judgment was issued against the goods and chattels of the said Harvey Miller, deceased, in the hands of his said executor, which has been returned *nulla bona.*

In the spring of the year 1869 the said John T. Foote filed his bill in the chancery court of said county of Washington, against the heirs of said testator, alleging that the personal property has been exhausted and that he is without remedy at law, and prays that the lands of said decedent, descended to the defendants as his heirs, may be subjected to the payment of the balance due on said judgment.

To this bill of complaint the defendants, Harvey Yerger and Sallie Yerger, his wife, filed a demurrer, assigning for cause that the court had no jurisdiction for want of equity on the face of the bill. The demurrer was overruled by the court, and from this action of the court the said defendants appeal to this court.

The only question for our consideration is that of jurisdiction.

It has been repeatedly determined by our predecessors, that the court of probates, as to the jurisdiction conferred by the constitution of 1832, was a court of original and general and exclusive jurisdiction in all matters testamentary and of administration of· estates of deceased persons, except in cases of fraud; and also in cases where no administration has been granted, and where there are no creditors of the decedent, the heirs have been permitted to resort to a court of equity to recover their interests in the estate. Blanton v. King, 2 How. 856; Carmichael v. Browder, 3 How. 252; Favre's Heirs v. Graves, 4 S. & M. 707.

When there has been no administration, or when the administration has been closed and there are no debts, it has been held that the distributees may sue in their own names, in a court of equity, to recover their share of the estate. Robb v. Griffin, 4 Cush. 579; Archer v. Jones, ib. 583; Wood v. Ford, 7 ib. 57; Manly v. Kidd, 33 Miss. 146; Moody v. Harper, 38 ib. 599; Hill v. Boyland, 40 ib. 620.

Had this been a proceeding by the creditor on the original note of the testator, to subject his real estate to the payment of the debt, we think· it could not be maintained, for the reason that the statute has conferred this jurisdiction upon the probate court and pointed out the manner in which it should be exercised. Rev. Code of 1857, pp. 445–447. But this bill is not to enforce the payment of the note given by the deceased, but to subject his real estate to the payment of a note given by his executor in his fiduciary capacity as executor, in renewal of the note given by his testator. The renewal of the note by the executor made him personally liable for the debt to the creditor, although the debt due ˆ the creditor was not extinguished by the note substituted as a renewal of the old one, nor is the estate of

the testator in any way discharged from the payment of the debt, unless the note taken in renewal was intended by the parties to have that effect. By this transaction the executor became personally liable at law, and the estate remained liable to the creditor in equity.

This is the doctrine of the case of Peter v. Beverly, 10 Pet. 532, where it was held that in case an executor or administrator has given his own note in payment of a debt of the testator or intestate, the estate would not be thereby released unless such was the agreement of the parties. In such a case the creditor might, at his election, hold the executor personally liable, or proceed by bill in equity against the estate. And this case was cited and approved by the court in the case of Woods v. Ridley, 27 Miss. 150.

If this be a correct view of the law, it follows that the court below did not err in overruling the demurrer.

The decree must be affirmed, and the cause remanded with leave for the defendants to answer the bill of complaint within sixty days from this date.