MARY J. BUCKINGHAM, Ex'x, VS. S. P. WALKER, Adm'r, et al,

CHANCERY PRACTICE: *Bill to set aside fraudulent conveyance: Necessary parties.*

In a bill to set aside a fraudulent conveyance, made by an executrix under a will giving her full power over the estate, the heirs of a deceased creditor are not necessary parties to the bill, the administrator of the deceased creditor being one of the complainants.    When the complainants are creditors by several judgments, they may all join in one bill for relief When the complainants are assignees of a judgment creditor, it is not necessary to allege in the bill the validity of the assignment; this is a matter of proof on the hearing.

492    BUCKINGHAM, Ex'x, vs. WALKER, Adm'r.    [Sup. Ct.

Statement of the case.

APPEAL from the Chancery Court of *Monroe* County.

Hon. O. H. WHITFIELD, Chancellor.

The bill alleges that the complainants are judgment·creditors of S. H. Buckingham, deceased, who, by his last will and testament gave to his widow (the appellant) full control of his estate real and personal, and expressly provided that she should not be required to give any bond or security for the faithful performance of the trust; that the will gave her full power to keep together manage, control, sell or dispose of any and all of his property, real or personal; that his slaves have been emancipated, and the other personal property exhausted, and the executrix personally insolvent; that they had executions issued, and they were returned *nulla bona;* that the said testator died seized and possessed of six several town lots in the town of " Old Aberdeen;" that the said executrix on April 30, 1860, received from Stephen Cocke several tracts of land, in all 999$\frac{31}{100}$ acres; that the said conveyance was made to the said executrix and the devisees of the said decedent; that the consideration for these lands was certain other lands of the decedent, exchanged by the executrix, under the power conferred by the will; that she paid to John R. Harris $8,000, out of the assets of said estate, for certain other lands described in the bill; that on December 12, 1868, she pretended to convey to her son, S. H. Buckingham, the aforesaid town lots, except one, and that on December 10, 1868, she conveyed to her son the lands purchased by her from the said Harris ; that on October 28, 1868, she pretended to convey to her said son all the land conveyed to her by the said Stephen Cocke, for $500; that on January 20, 1869, she conveyed to her said son all her interest as executrix of said estate, in and to the various notes and choses in action belonging to said estate; that all these transfers and conveyances were made during the pendency of suit, and before complainants obtained their judgments; but that the said executrix and her said son had notice of the pending suits, and that the conveyances were made with intent, on the part of both, to defraud the creditors of said estate.

The bill prays for a decree setting aside the conveyances, and that the property be vested in a special commission and applied to their judgments, and for general relief. The defendants filed a demurrer, in substance :

1. That the heirs of Jno. A. Walker, deceased, one of the creditors, are not made parties.

2. That the assignees of the judgments do not show a valid, equitable assignment.

3. A misjoinder of parties.

4. It is not averred in the bill that there was a *devastavit* of the personal property.

5. It is not averred that a *devastavit* has been established in a court of competent jurisdiction.

6. Before creditors can call on the executrix to pay their debts, they must show a *devastavit*.

7. Complainants have not shown a return of *nulla bona*, or insolvency of the executrix.

8. The mere allegation of insolvency is insufficient.

9. The facts stated do not warrant the granting of relief.

10. It is not averred that the assets averred to have been wasted was without fault of the creditors, or that they were guilty of no *laches*.

11. For want of equity on the face of the bill.

The demurrer was overruled, and hence this appeal. This action of the court is assigned for error.

*Davis & McFarland*, for appellants.

*Houston & Reynolds*, for appellees.

[Reporters find no briefs on file.]

TARBELL, J., delivered the opinion of the court.

This case is submitted upon demurrer to bill filed to set aside conveyances to real estate, made by the executrix of S. H. Buckingham, deceased, in fraud of creditors. Samuel P. Walker, administrator of Hyatt Moye, deceased, recovered a judgment in the Monroe county circuit court, against Mary J. Buckingham,

executrix, etc. John A. Walker recovered a judgment in the same court against the same party. · John A. Walker assigned his judgment to J. T. Jamison, Lucien M. Sykes and Thomas Cobb. John A. Walker died, and Thomas Cobb became his administrator, with the will annexed. Executions issued on both these judgments, and were returned *nulla bona.*

Samuel P. Walker, administrator of Moye, and Thomas Cobb, administrator of John A. Walker, with J. T. Jamison, Lucien M. Sykes and Thomas Cobb, assignees of the latter judgment, are complainants. Mary J. Buckingham, executrix, S. H. Buckingham and Virginia E. Buckingham, heirs of S. H. Buckingham, deceased, and S. H. Buckingham, defendants. The demurrer was overruled, with leave to answer. From that decree the respondents appealed. Such action of the court being the only grounds of error assigned.

1. The first cause of demurrer to the bill is, that the children and heirs of John A. Walker are necessary parties. Upon the facts, it is not perceived that these parties have any interest whatever in this litigation, the judgment in his favor having been assigned in the lifetime of their father.

2. That no valid assignment of the judgment to Jamison, Sykes and Cobb, is set out. This is matter of proof on the hearing; the allegation is sufficient.

3. Misjoinder of complainants. The complainants are creditors by several judgments, and may join as in this case. Butler *v.* Spann, 27 Miss., 234; Snodgrass *v.* Andrews, 30 id., 472. The 4th, 5th, 6th, 7th and 8th causes of demurrer are based upon the assumption that the bill charges a *devastavit* of the personal property of the estate involved, in which counsel is mistaken. The bill carefully avoids the questions thus raised, by stating the personal assets to have been exhausted by the executrix in pursuance of and under the powers conferred by the will, except as to the slaves which were emancipated as a result of the war.

10. The tenth cause complains that it is not shown that the assets belonging to the estate were not exhausted through any de-

fault or neglect of creditors. Nothing appears on the face of the bill upon which to base an assertion that the creditors are in fault for the noncollection of their debts, or that they are responsible for the disposition of the personal estate. Upon the facts presented, it would be unprecedented to require the creditor to deny *laches*. No case is yet made calling for such denial.

9, 11. The ninth and eleventh causes are general, of a want of equity in the bill. At present the bill appears to be carefully and fully drawn, for the purpose set forth. If there has been a *devastavit*, or if personal assets have been lost by such neglect of creditors as to render them responsible, these and many other legitimate defenses can be interposed in the proper mode.

This case is distinguishable from several cited by counsel, such as Yerger *v.* Foote, 48 Miss., 62 ; Baskins *v.* Hargrove, MSS. Op.; Ferguson *v.* Scott, 49 Miss., 500 ; Paine *v.* Pendleton, 32 Miss., 320 ; Turner *v.* Ellis, 24 id., 173; Evans *v.* Fisher, 40 id., 643 ; Hollman *v.* Bennett, 44 id., 322 ; Foley *v.* McDonald, 46 id., 238 ; and so clearly so as not to require criticism.

Affirmed, with leave to answer in forty days from this date.