ORGILL BROS. *v.* PERRY.

(Division B. June 2, 1930.)

[128 So. 755. No. 28754.]

J. T. Lowe and J. D. Magruder, both of Tunica, for appellant.

W. L. Bankston, of Tunica, for appellee.

Anderson, J., delivered the opinion of the court.

Appellant, a mercantile corporation under the laws of the state of Tennessee, brought this action against the appellee in the county court of Tunica county to recover one hundred one dollars and one cent, with interest, the face value of a promissory note payable to the appellant's order, which had theretofore been delivered by the appellee, Lena R. Perry, to the appellant.

Appellee demurred to appellant's declaration on the ground of insufficiency in law, which demurrer was sustained, and appellee declining to plead further the case was dismissed. From that judgment of the county court, the appellant appealed to the circuit court, where the judgment of the county court was affirmed. From the judgment of the circuit court appellant prosecutes this appeal. Appellant's declaration, leaving off the formal parts, is in this language:

"Now comes the plaintiff, a corporation, created and existing under the laws of the state of Tennessee, with its principal place of business in Memphis, Shelby county, state of Tennessee, and complains of the defendant that she render unto it the sum of one hundred and one and ($101.01) dollars, with interest thereon from October 13, 1923, to date, at six per cent interest per annum, for that heretofore, to-wit, on October 13, 1923, for value received, the said defendant made, signed and afterwards delivered to plaintiff her certain promissory note, in writing, which date is the date, month and year last aforesaid, whereby and wherewith she undertook, promised and agreed to pay to plaintiff, or order, on or before November 28, 1923, after date of said note, the sum of one hundred one dollars and one cent, with interest from date of said note at the rate of six per cent per annum. Yet said defendant, notwithstanding her undertaking, promises and agreements, aforesaid, to pay the said note, has wholly failed and refused and now fails and refuses, wherefore, plaintiff brings this suit and demands judgment in the sum of one hundred thirty-eight dollars and twelve cents and all cost in this behalf expended. A copy of said note is herewith attached and made a part hereof."

The note sued on was exhibited with the record, and follows:

"Memphis, Tenn., 10/13 1923

"Nov. 28th, 1923 after date, I promise to pay to the order of Orgill Brothers Company, one hundred one

01/100 dollars at the Central State National Bank, Memphis, Tenn., for value received with interest at six per cent per annum from date until paid and ten per cent attorney's fees and other costs of collection if this note be placed in the hands of attorney for collection. It is agreed by the makers and by the endorsers hereof that demand, protest and notice of protest, of this note are expressly waived.

"Estate Simon Kaplan,

"$101.01 By Lena R. Perry, Admnx."

It will be observed that the action was against appellee personally, and not against her in the capacity as administratrix of the estate of Simon Kaplan, deceased, and that the note sued on was signed, "Estate of Simon Kaplan, By Lena R. Perry, Admnx."

Appellant's position is that the appellee is personally liable on the note because, under the law, she was without authority to bind the estate of which she was administratrix. The note, on its face, purports to bind, not appellee personally, but the estate of Simon Kaplan of which she was administratrix.

It is true, as contended by appellant, that at common law an administrator could not, by contract, bind the estate being administered by him. By such a contract, he bound himself personally, and not the estate. Clopton v. Gholson, 53 Miss. 466; Woods v. Ridley, 27 Miss. 119; Short v. Porter, 44 Miss. 535; Turner v. Brown, 3 Smedes & M. 425; and 11 R. C. L., section 177, p. 166. If that were the law now, the appellant's declaration would sufficiently state a case, but the common law, in some respects, has been changed by chapter 143, Laws 1912, and chapter 142, Laws 1926, Hemingway's 1927 Code, sections 1807 and 1809. The first of those sections, among other things, provides that the chancery court, or the chancellor in vacation, when it deems it to the best interest of the estate, may authorize the administrator to renew for a specified time any obligation of the deceased, and to bor-

row money to pay off any obligation or incumbrance on the assets of the estate, and execute new obligations or incumbrances to secure the money so borrowed, and that such contract shall bind the estate in the hands of the administrator. The second of those sections, among other things, provides that the chancery court, or the chancellor in vacation, shall have the power to authorize the administrator "to continue as a going business, for a period of not exceeding twelve months after the grant of letters, the business in which the decedent was engaged at the time of his death, and where such business is a mercantile, or other business of like nature, to allow the purchase of goods in small quantities necessary to replenish the stock and promote the sale thereof, and to permit the sale of the stock of goods at retail in the regular course of business."

Section 20, Negotiable Instruments Law, section 2774, Hemingway's Code 1927, among other things, provides that: "Where the instrument contains or the person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized."

For aught that appears to the contrary in appellant's declaration, the note sued on was authorized by the chancery court having jurisdiction of the administration of the estate of Simon Kaplan, deceased, of which the appellee was administratrix.

There is always a prima-facie presumption of law of right doing, not wrong doing. The note sued on purports to have been executed by the appellee in her representative capacity, and not in her personal capacity. Such a note could have, under proper conditions, been legally executed. It devolved on the appellant to aver in its declaration whether the note was executed without authority of law. If its execution was authorized by law, there is no personal liability on the part of the

appellee.  On the other hand, if its execution was not authorized by law, the appellee is personally liable on the note.

Affirmed.