DANIEL *v.* HODGE.

(En Banc. April 3, 1939. Suggestion of Error Overruled May 22, 1939.)

[187 So. 544. No. 33338.]

SMITH, C. J., and GRIFFITH, J., dissenting.

Stevens & Stevens and Barron C. Ricketts, both of Jackson, for appellant.

Stokes V. Robertson, Sr., Stokes V. Robertson, Jr., and Chas. S. Campbell, all of Jackson, for appellee.

Argued orally by **Barron C. Ricketts**, for appellant, and by **Stokes V. Robertson** and **Chas. S. Campbell**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellee Hodge sued Mrs. Daniel seeking to recover $250 on a certain letter exhibited with the declaration, and also there was set out in the declaration specific allegations as to details of a real estate contract existing between A. F. Daniel, deceased husband of the appellant, and the details of the manner in which he had accomplished the execution and tender of a lease contract for ten years with A. F. Daniel, which the latter had not signed. The appellant, Mrs. Daniel, appeared and

filed a plea of general issue and a notice thereunder, the effect of which was that there was no consideration for a letter upon which the suit was based. To which, appellee filed a counter notice, in which he set up in substance the same matters as to the lease contract with the deceased husband, A. F. Daniel, and Mrs. Lizzie M. Daniel, as well as acts subsequent to the execution of the letter, the basis of this suit.

Without going into details, the substantial effect of the evidence is as follows: The letter upon which the suit was based is in these words:

"Jackson, Miss., June 13, 1935.

"Mr. J. A. Hodge,

"Jackson, Mississippi

"Dear Sir:

"If a lease is made with Sears, Roebuck & Company on the three story brick building owned by the A. F. Daniel Estate, which you have been negotiating with them on for us, I agree to pay you as commission for said services a total of $1330.00, payable as follows: $250.00 out of the first month's rent and $120.00 on the first of each year thereafter during the term of this lease.

"Respectfully

"(Signed)   Mrs. Lizzie M. Daniel,

"Executrix"

On a trial of the case, in addition to the letter, it was agreed that Sears, Roebuck & Company entered into a lease with the owners thereof, as shown in Book 296, at Page 410 and pages, immediately following of the Land Deed Records of the First Judicial District of Hinds County, Mississippi, which record is now introduced in evidence as Exhibit "B" to the declaration, which purported to be a copy of the old lease and is a substantial copy thereof, and that Mrs. L. M. Daniels signed her name as "Mrs. L. M. Daniels, Executrix," to the letter of June 13, 1935. Whereupon, the plaintiff rested. The appellant made a motion to exclude the evi-

dence which was overruled by the court, the point being that no consideration was shown. In overruling the motion, the court held that a prima facie case had been made.

Thereupon, appellant offered her evidence, Hodge as an adverse witness, and her own testimony, and that of Osment, a representative of the Engle Realty Company, when the appellant rested. The appellee then testified as a witness. The undisputable testimony is about as follows: That prior to the date of this letter in 1934, Mr. and Mrs. Daniel had employed Hodge to effect a ten year lease of the building referred to in the letter; and that on the day Mrs. Daniel signed the letter in controversy, she read the letter over and she said "not careful enough." She undertook to testify that in the conversation prior to the execution by her of the letter, that Hodge had represented to her that the contract was to be for future services to be rendered a lease executed by him as real estate agent of the property of Sears, Roebuck & Company.

On the same day the letter was signed, Hodge wrote a letter to Sears, Roebuck & Company reopening negotiations for a lease of the building, invited him (Wellbank, Manager Real Estate Department, Chicago, Illinois) to come to Jackson, and the letter contains this language: "Mrs. Daniel agrees to pay me the small rental commission which I have been claiming, if your company leases the building." She read this letter and did not contend that she misunderstood it. On direct examination, she denied seeing any other letter except one written by Sears, Roebuck & Company to Hodge, in which they signified that they no longer had any interest in leasing the property; but on cross examination when eleven letters in succession were presented to her written by Hodge to Sears, Roebuck & Company, her testimony was that she did not remember whether she saw these letters or not.

Osment (Secretary of the Engle Realty Company, Birmingham, Alabama) testified that in the fall, about the first of October, 1936, a real estate agent of Sears, Roebuck & Company approached him in Birmingham and suggested that they were interested in the Daniel Building in Jackson. Whereupon, Osment came to Jackson, interviewed Mrs. Daniel, finally securing a verbal contract from her to lease the building, and entered into negotiations with Sears, Roebuck & Company, which finally terminated in the lease of the building for ten years for a substantial sum per annum, and collected his commissions therefor. It appears from his testimony that the negotiations with Sears, Roebuck & Company were begun about the time the letter was written to Hodge signifying that Sears, Roebuck & Company no longer was interested in the property.

On Hodge's testimony in his own behalf, he testified that he had been employed by A. F. Daniel in his lifetime, in 1934, and after much competition and negotiation with Sears, Roebuck & Company had procured from them a lease for ten years for this building, after corrections by both parties, it and Daniel, he presented the contract with Sears, Roebuck & Company's signature thereto and Daniel refused to execute it without assigning any objection to the contract tendered. In other words, that Daniel, after he had negotiated and completed the lease with Sears, Roebuck & Company, capriciously refused to execute it. The contract is a very lengthy one, and there are many details involving specifications as to remodeling the building to adapt it to the uses of the lessee, Sears, Roebuck & Company. Hodge admitted that he had instituted a proceeding in the chancery court against A. F. Daniel and his wife, and other parties, in which he sought to recover his commission. That a demurrer was sustained to his bill, and it was dismissed in the chancery court. He testified at length as to the skill, trouble, persistence and diligence exer-

cised by him in obtaining the signature of Sears, Roebuck & Company to the proposed lease.

He further testified that he submitted to Mrs. Daniel all the correspondence between him and Sears, Roebuck & Company from May 13, 1935, to the latter part of May, 1936, at about which time the lease had been effected, with the exception of necessary court proceedings, and the time required to finally have the lease executed.

There was much pleading, and the appellant in the court below moved to strike all the averments of the declaration as to the service rendered by Hodge as real estate agent in accomplishing the lease by Sears, Roebuck & Company, which was stricken from the declaration, the court holding that the letter made out a prima facie case of consideration therefor.

When the appellant filed her notice under the plea of the general issue to the effect that there was no consideration for the contract, thereupon in a counter notice appellee filed his detailed statement of the negotiations between him, Daniel, and Sears, Roebuck & Company in effecting the old lease, and a motion was made by the appellant to strike the counter notice from the files, which we are advised was overruled by the court.

The appellant offered in evidence the record of the proceedings in the chancery court between Hodge and Daniel and wife, which the court excluded, in effect saying that there was no plea of res adjudicata, therefore these pleadings were not competent.

First, it is insisted by appellant, Mrs. Daniel, that the letter, which is the basis of the suit, did not in terms set forth a consideration. The letter is short and not hard to construe. It was a straight contract, as we view it, taking all of it into consideration and each word, to pay Hodge for his services for the past negotiations in the amount sued for if a lease was made by Mrs. Daniel to Sears, Roebuck & Company and the first month's rent paid by the lessees. We think the instrument so declares in the use of the language: "which you have been nego-

tiating with them on for us, I agree to pay you as commission for said services." We are of opinion that the only contingency set forth in the contract, which was to happen in the future, was the lease of the building to Sears, Roebuck & Company. It will be observed that the letter was addressed to Hodge and begins with the words "If a lease, etc." If it had begun "If you," referring to Hodge, then, it would have been a contract for future services, but the amount of the services and the value of it theretofore rendered was admitted by the terms of this letter, which we think are very plain and not equivocal.

It is however clear from the evidence in this record that after Mrs. Daniel had interviewed the agent of Sears, Roebuck & Company, who had promised to call on Hodge with reference thereto, that Mrs. Daniel never notified Hodge that she was negotiating with another real estate agency; nor did Hodge know about it until about the time the lease of the building was completed by such other real estate agency; and that he did in every way possible undertake to reintroduce Sears, Roebuck & Company to her as a probable lessee and assist her in effecting the lease, and although Sears, Roebuck & Company notified him that they were no 'longer interested, afterwards they wrote him as late as May, 1936, advising him that the agent would come to Jackson and interview him relative thereto. The other real estate agency did not know that Hodge was interested in the matter.

On the oral testimony of Hodge, he made a perfect case against A. F. Daniel and his estate for the stipulated amount for his services. He brought the parties together, he completed the contract as they desired, and Sears, Roebuck & Company were ready, willing and able, and proffered the contract, which Daniel, for his own good reasons, refused to execute. According to Hodge's testimony, all the terms and conditions of this contract that Daniel wanted therein were present in the proffered

contract. Mrs. Daniel had contended that it was necessary for her to sign the contract, and according to Hodge's testimony, which was undisputed, she stated that her husband should have signed it, that he was not at himself, and that she would have signed it.

She was anxious at the time the letter was written to Hodge by her to secure Sears, Roebuck & Company as a lessee of this building. It appears that she did not own it, and it may be inferred from the testimony that in some way the building was devised to the two minor children of A. F. Daniel. The will was not introduced.

Mrs. Daniel signed the contract as executrix to pay the debt, which was fully established by the testimony of Hodge. It is agreed and admitted that she had no authority from the chancery court to lease the building or to acknowledge the claim. Where the parties had engaged in litigation, where all the facts were known to both parties, and where the evidence establishes without dispute that Hodge had earned his commission in his efforts to lease the building for A. F. Daniel, the decedent, to Sears, Roebuck & Company, it is the settled law in this State that if an executrix or administratrix of an estate signs a contract or promises to pay a debt held against the estate of a deceased person without authority of law or of the chancery court, she thereby becomes personally liable therefor. See Orgill Brothers v. Perry, 157 Miss. 543, 128 So. 755; Clopton, Adm'r, v. Gholson, 53 Miss. 466; Yerger v. Foote, 48 Miss. 62; Woods v. Ridley, 27 Miss. 119. Even if the claim can be said to be a doubtful one, under the facts of this case the executrix herein knew better the conditions which existed in the former effort to lease by Hodge than any other living person. She was not authorized to execute the paper, which was nothing more than a promise to pay the debt upon a certain contingency, which contingency happened. There can be no distinction between a note signed by the decedent and any other debt he contracted in his lifetime.

Even though it may be said that this claim was a doubtful one, still she undertook to settle and compromise it as executrix, with knowledge of all the facts, and having so thus done, there was sufficient consideration even if it be said to be a doubtful claim, and in the state of this record it is not doubtful. See Boone v. Boone, 58 Miss. 820; Stanley v. Sumrall, 167 Miss. 714, 147 So. 786.

But, it is said that this contract is unilateral, and certainly Hodge obligated himself to perform services in the future. We do not think there is any merit in this contention, in view of the conclusion we have reached upon the construction of the letter or contract itself, and the undisputed testimony of Hodge as to his existing claim which he might have probated and had sustained and allowed by the court on that evidence without any reasonable doubt.

As to the pleadings in this case, the action of the court was only to require orderly pleadings, and the case has been tried upon pleadings which presented the issues to the court, and we find no error therein.

As to the exclusion of the record of former proceedings in the chancery court, wherein Hodge filed a bill against Daniel and wife, we are of opinion that unless a plea of res adjudicata had been interposed this record would serve only to confuse this record and could serve no purpose on the issues presented to the court. Indeed, counsel for appellant do not cite any authority, and conceded there was no question as to res adjudicata involved in the case.

At the conclusion of the evidence, both appellant and appellee submitted at the same time requests for a peremptory instruction. The court granted the appellee a peremptory instruction, and overruled this request of the appellant. Judgment was accordingly entered for Hodge.

We find no error in this record.

Affirmed.

**Smith, C. J.,** and **Griffith, J.,** dissent.