SMITH *et al. v.* MAVAR.

(In Banc.  April 23, 1945.)

[21 So. (2d) 810.  No. 35837.]

Albert Sidney Johnston, Jr., of Biloxi, for appellants.

W. L. Guice, of Biloxi, for appellee.

**Griffith, J.,** delivered the opinion of the court.

It is undisputed that the unencumbered, fee-simple title to the property here involved was, at the date of the lease, vested in the heirs of Swetman, and for the purposes of this case we will assume that the lease made by the administratrix was valid because authorized by the heirs or else subsequently ratified by them. We proceed at once therefore to Paragraph 10 in the lease which is as follows:

"It is specifically agreed and understood by and between the parties hereto that should the party of the first part being the Swetman Estate or the administratrix herein receive a valid offer of sale for the said building the party of the second part shall be notified and given the right to meet the said offer for the purchase thereof, at same price, terms and conditions. If he fails to accept said offer he shall be given credit for the improvements he has placed on the said building and paid according to the receipted invoices he has filed with G. B. Cousins, Jr. If however he will purchase the said building he will likewise be given credit for the said improvements placed thereon and the same subtracted from the purchase price. It is further agreed that the party of the

second part will be given ninety days to move if there is a valid and binding offer of sale received and he fails to exercise his right of first refusal for the purchase thereof.''

After the tenant had gone into possession under the lease, the Swetman estate received an offer of purchase, and on February 21, 1944, the estate, through its attorney, in writing, notified the tenant thereof, the notice giving the name of the offerer, the price and the terms, and tendering the tenant the right to meet the offer. The notice made reference to the quoted paragraph of the lease contract and was in such terms as to fully comply with and cover the paragraph. The tenant admits that he received the notice and that he took no steps about it whatsoever, but in effect disregarded it. After waiting for approximately three weeks and hearing nothing from the tenant, the Swetman heirs on March 15, 1944, made their warranty deed for the property to the offerer, the appellee herein. The tenant was thereupon advised of the purchase by appellee, who made it known to the tenant that he could remain at the same rent, not under the former lease contract, but from month to month. The tenant declined to accept this arrangement, and on June 6, 1944, appellee notified the tenants in writing that possession would be demanded on July 1, 1944, at which time more than 90 days from the date of the purchase would have elapsed. The tenants declined to vacate, and on July 7, 1944, appellee brought his action in unlawful entry and detainer in the county court, where he recovered judgment which was affirmed by the circuit court.

Appellants contend that Paragraph 10 of the contract is unenforceable because not supported by a valid consideration. The lease contract in its entirety is upon an adequate consideration, whence it follows that each of its several stipulations is likewise upon consideration. Appellants further contend that the paragraph is void for uncertainty, and appellants point to the fact that there is no specification of time within which the tenant is re-

quired or allowed to accept or reject the right to purchase when notified that a valid offer to purchase has been made. The argument is not well taken for the principle is applicable that when a contract clause fixes no definite time for performance, the law ordinarily implies that performance shall be within a reasonable time, and the court instructed the jury to that effect. See the text and the numerous cases cited, 17 C. J. S., Contracts, Sec. 503, p. 1063 et seq.

These are the only points which merit mention, or which have been argued, and the judgment must be affirmed.

Affirmed.