SMITH, Justice:
Wilson Industries has appealed from a final judgment of the Circuit Court of Newton County, dismissing its suit brought by it as plaintiff against Newton County Bank. The gravamen of the action as stated in the declaration was that, at a time when plaintiff’s' debt to Newton County Bank had been less than $60,000 the bank had usuriously demanded of it, and as a consequence it had paid to the bank $90,000, all of which sum the plaintiff alleged it was entitled to recover under the provisions of Mississippi Code 1942 Annotated section 36 (1956).
The substance of the bank’s defense, as reflected by the pleadings, was that Wilson Industries had been indebted to it in “an undetermined” sum which was, however, “in excess of” $110,000, that Wilson Industries was in “desperate” financial circumstances and that the sum of $90,000 in question had been paid and received by mutual agreement in compromise or settlement of this indebtedness.
Such facts as are disclosed by the meager record are limited to those stated in a stipulation and such as appear from several documents introduced by agreement. From these it appears that Wilson Industries desired to “sell out” its physical assets and that a conditional offer to purchase for $100,000 had been received from Newton Industries Corporation. This offer was made expressly contingent upon the success of the prospective purchaser in borrowing the purchase money. In an agreement executed by all parties, Newton County Bank agreed with both seller and purchaser to make the loan to the latter, provided 90 per cent of it were guaranteed by the Small Business Administration, a Federal agency.
On March 20, 1969, all of the parties met together and the several documents which appear in the record were executed. The stipulation states that all of these documents were executed “simultaneously” at this meeting. By contract duly executed by all parties, Wilson Industries agreed to sell its physical assets to Newton Industries Corporation for $100,000, provided Church Industries (whose interests are not involved here) would pay to it an additional $4,000; the bank agreed to lend the purchaser, Newton Industries Corporation, the necessary $100,000 provided that Small Business Administration would guarantee 90 per cent of the loan. Wilson Industries, and the other parties agreed that out of the proceeds of the sale, if the sale should go through, Wilson Industries would pay *29 to Newton County Bank $90,000 in complete settlement of the bank’s “disputed” claim against it.
At the same time and on the same occasion Newton Industries executed its promissory note, payable to Newton County Bank in installments, in the principal sum of $61,130.61, in return for which, and “other good consideration,” the bank executed and delivered to Newton Industries a release.
It appears from the stipulation that between March 20, when this composite contract was entered into, and July 14, the date on which Wilson Industries made payment to the bank of the $90,000 “settlement,” no further sums were advanced by the bank to Wilson Industries. In the interim, two $700 installments of the $61,-130.61 note had been paid. Meanwhile, the claim of the bank against Wilson Industries referred to in the agreement appears to have remained unaffected and this debt to the bank was listed in an affidavit executed by the president of Wilson Industries and filed in compliance with the provisions of the Mississippi Bulk Sales Law.
The contention of appellant is to the effect that the above facts, in the light of the release executed by the bank, compel a conclusion that the $60,130.61 note was the entire and only debt of Wilson Industries to Newton County Bank. Moreover, it is argued that the difference between the face of the note and the $90,000 paid to the bank represented usurious interest and that Wilson Industries was entitled to recover the entire sum under Mississippi Code 1942 Annotated section 36 (1956). The trial court found, however, from the stipulated facts and considering all of the instruments together, that Wilson Industries’ note for $61,130.61 and the release were executed “simultaneously” with the agreement of Wilson Industries acknowledging that it was indebted to Newton County Bank in “an undetermined sum” and agreeing to pay $90,000 “in settlement” of the bank’s “disputed claim” against it, if Wilson Industries should succeed in selling out for $100,000 to Newton Industrial Corporation. Furthermore, the only reasonable construction of the settlement is that it was made on an “unless” or contingent basis, that is to say, if Wilson Industries did not succeed in its efforts to sell out to Newton Industries Corporation for $100,-000 under the “agreement” executed by the parties, the bank would be relegated to collecting the $61,130.61 evidenced by the note. This view finds support in the consideration for the release, stated on its face, that it was given by the bank for the note and “other good consideration,” the agreement being the only other “good consideration” suggested by anything appearing in the record. Under the provisions of the “sell out” proposal it was provided that Wilson Industries promise to pay $90,000 in settlement should be void if the sale actually should not take place, in which eventuality “nothing herein (in the agreement) shall be considered as an admission of liability in any amount” (on the part of Wilson Industries to Newton County Bank).
In 17 Am.Jur.2d Contracts section 264 (1964) the following statement appears:
The general rule is that in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same contracting parties, for the same purpose, and in the course of the same transaction will be considered and construed together, since they are, in the eyes of the law, one contract or instrument. * * * Id. at 668.
Construing contemporaneous instruments together means simply that if there are any provisions in one instrument limiting, explaining, or otherwise affecting the provisions of another, they will be given effect as between the parties themselves and all persons charged with notice so that the intent of the parties may be carried out and the whole agreement actually made may be effectuated. * * * Id. at 670.
*30 Where the terms employed to express some particular condition of a contract are ambiguous and cannot be satisfactorily explained by reference to other parts of the contract and the parties have made other contracts in respect of the same subject matter, apparently in pursuance of the same general purpose, it is always permissible to examine all of them together in aid of the interpretation of the particular condition; and if it is found that the ambiguous terms have a plain meaning by a comparison of the several contracts and an examination of their provisions, that meaning should be attributed to them in the particular condition. Id. at 671.
A construction must be placed upon each of the documents or agreements “simultaneously” entered into which will be consistent with what must be regarded as the overall or dominant purpose of the parties. A construction will not be adopted, if it can be reasonably avoided, which will charge the parties with having bound themselves to provisions which are mutually repugnant, senseless, ineffective, meaningless or incapable of being carried out in the overall context of the transaction consistently with all of the other provisions of all of the several contract documents. In contemplation of the parties the terms of the “agreement” were to be carried out subsequent to the execution of all of these papers. All parties clearly understood and recognized that Wilson Industries was indebted to the bank in an “undetermined sum,” although the “release” had been executed. Obviously, the $61,130.61 note cannot be described as an “undetermined sum.” These several instruments construed together, so as to give reasonable effect to all of them, support the reasonable conclusion that Wilson Industries was indebted to the bank in an “undetermined” sum, which was being worked out through a sale of Wilson Industries’ assets to Newton Industrial Corporation. This was the general and dominant purpose of the parties in the execution of the several documents which together comprised the contract between them, all of these documents having been executed, it was agreed, “simultaneously.” Following the March 20 meeting and the execution of these papers, the sale did, in fact, go through. Thus the terms of the “agreement” with reference to the settlement of Wilson Industries’ debt to the bank became operative. Complying with its agreement, Wilson Industries then did pay to the bank the amount agreed upon “in settlement.” The check of Wilson Industries given to the bank actually was marked “settlement.” The sale having been made, the terms of the agreement providing that it should become “null and void” if no sale took place were rendered nugatory. However, if the transaction had not been completed, and as a necessary consequence Wilson Industries had failed to receive the $100,000 purchase price, so far as the record shows, the bank would have been relegated to collecting the $61,-130.61 note.
On July 14, the date on which the bank received the check of Wilson Industries marked “settlement” it stamped the $61,-130.61 note “paid”, returned it to Wilson Industries, and the entire matter was concluded.
We think the trial court correctly ruled that usury had not been proved in this case. The burden rested upon plaintiff to establish the allegations of his declaration. Moreover, proof of usury must be clear, positive and certain. Yeager v. Ainsworth, 202 Miss. 747, 32 So.2d 548 (1947); Byrd v. Link-Newcomb Mill & Lumber Co., 118 Miss. 179, 79 So. 100 (1918).
In Byrd v. Link-Newcomb Mill & Lumber Company, supra, the Court said, “the statute (usury) * * * can be * * * invoked only where it is clear and certain * * * that the usurious interest was either contracted for or received.”
In Morgan v. King, 128 Miss. 401, 91 So. 30 (1922) the Court said in speaking of the *31 usury statute “which provides for the forfeiture of both principal and interest if more than 20 per cent, per annum is charged, is highly penal, and must be strictly construed.” To the same effect see Ready-Mix Concrete & Concrete Products Company v. Perry, 239 Miss. 329, 123 So. 2d 241 (1960).
Also, wrongdoing will not be presumed and in the absence of any proof to the contrary, it is proper to indulge a presumption that in their business and social relations all persons act honestly and properly. Foster v. Wright, 240 Miss. 566, 127 So.2d 873 (1961); Orgill Brothers v. Perry, 157 Miss. 543, 128 So. 755 (1930).
In cases involving usury, parol evidence is admissible to show that writings are not what they seem and to establish the true facts with respect to the transaction. In such cases it may be shown by parol that a document, legal in form, was in fact a device to disguise usurious interest or does not reflect the real agreement, and that sums mentioned are in truth, usurious interest. No such evidence was offered in this case. Yeager v. Ainsworth, 202 Miss. 747, 32 So.2d 548 (1947); Allen v. Grenada Bank, 155 Miss. 91, 124 So. 69 (1929); Grayson v. Brooks, 64 Miss. 410, 1 So. 482 (1887) ; Newsom v. Thighen, 30 Miss. (1 George) 414 (1855); Luckett v. Henderson, 20 Miss. (12 S. & M.) 334 (1849).
The information afforded by the present record does not establish clearly, positively or certainly, as it must have done, that Newton County Bank, in receiving the $90,000 settlement from Wilson Industries, was guilty of charging usurious interest.
The judgment of the lower court will, therefore, be affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.