412 So.2d 1169 (1982)
DEER CREEK CONSTRUCTION COMPANY, INC. and William F. Brown
v.
Jewell B. PETERSON.
No. 53049.
Supreme Court of Mississippi.
March 17, 1982.
Rehearing Denied May 5, 1982.
*1170 Guy Kenner Ellis, Jr., Nathan P. Adams, Jr., Greenville, for appellants.
Robertshaw & Merideth, H.L. Merideth, Jr., Greenville, for appellee.
Before SMITH, P.J., and WALKER and DAN M. LEE, JJ.
WALKER, Justice, for the Court.
This is an appeal from the Circuit Court of Washington County wherein the dispute arose out of the construction of a home by Deer Creek Construction Company, Inc. and William F. Brown for Mrs. Jewell B. Peterson.
The contract to construct the home was entered into on or about July 18, 1977. There was no date mentioned in the contract as to when the home would be completed. The final completion date was September 28, 1978 (except minor items that were later taken care of). Mrs. Peterson immediately rented the property for the sum of $300.00 per month and continued to rent the property up to and including May 25, 1979.
*1171 The parties stipulated that $300.00 per month was the fair and reasonable rental value of the property.
Thereafter, on September 28, 1979, Jewell B. Peterson filed suit in the Circuit Court of Washington County demanding punitive damages of $20,000.00 and compensatory damages of $12,300.00 including attorney's fees. The declaration was filed in two counts:
Count I  charging that defendants breached their contract by failing to complete the house within ninety days, resulting in a loss of rental of $5,100.00.
Count II  charging that the defendants fraudulently represented to Peterson that no interest would be charged until the house was completed that defendants knowingly and willfully demanded interest notwithstanding that defendants had willfully or through gross neglect failed to complete the house; that defendants failed to cancel the deed of trust and destroyed merchantability of the property; and, finally, that defendants committed a deceptive act as defined in Mississippi Code Annotated section 75-24-5 (Supp. 1981).
The defendants answered denying plaintiff's allegations of wrongdoing and denied making any representation as to when the house would be completed. The defendants filed a counterclaim against Mrs. Peterson alleging that the construction price of the house was $34,300.00, together with interest on the construction price after ninety days at the rate of nine percent per annum; that this agreement was evidenced by a note and deed of trust executed by plaintiff; that Mrs. Peterson notified defendants she intended to rent the house and made an inspection of the house on September 28, 1978; that following said inspection, she accepted the house and paid defendants a partial payment of $33,100.00; that she rented the house on October 1, 1978, and continued to rent until the summer of 1979, and on September 26, 1979, sold the house for $45,100.00. The note and deed of trust were incorporated into the counterclaim and defendants demanded the balance due them under the note of $1,200.00 and interest of $4,223.75. Defendants also claimed reasonable attorney's fees under the provisions of Mississippi Code Annotated section 75-24-15(2) (Supp. 1981).[1]
The jury returned separate verdicts. One was in favor of Mrs. Peterson against Brown and Deer Creek in the amount of $2,250.00. Mrs. Peterson filed a motion for an additur of $1,200.00 which was sustained by the court, and the judgment in favor of Peterson was increased to $3,450.00. This figure represented gross rentals of $300.00 per month (stipulated as reasonable rental) for the approximate period from October 16, 1977, (ninety days after the documents were signed by Peterson) until October 1, 1978, (when the house was rented) or a period of approximately eleven and one-half months. The other verdict was in favor of Deer Creek and Brown against Mrs. Peterson in the amount of $1,200.00.
The separate verdicts were based on Count I of plaintiff's declaration and on Deer Creek's counterclaim. The court had earlier directed a verdict in favor of Deer Creek against Mrs. Peterson as to Count II of Mrs. Peterson's declaration which was based on fraud. The parties stipulated that the court could take up the question of attorney's fees under section 75-24-15(2) without the assistance of a jury, but with the stipulation that Mrs. Peterson did not admit that this section of the Code was applicable to the facts of the case. The court heard evidence as to what would be reasonable attorney's fees and granted Brown and Deer Creek attorney's fees under the above section in the amount of $2,500.00.
A net judgment was entered by the court, after all offsets, in favor of Deer Creek and Brown against Peterson in the amount of $484.00.
The appellants assign the following as error:
*1172 The appellants contend that the court erred in considering the testimony of Mrs. Peterson, the effect of which was to alter or vary the terms of the note and deed of trust [by parol evidence.].
The deed of trust and note executed by Mrs. Peterson to Deer Creek and Brown were in the principal sum of $34,300.00 and provided "Note payable ninety days from date, with interest after maturity at 9% per annum until fully paid." The deed of trust and note by Mrs. Peterson were to secure Brown and Deer Creek during the construction period of the house.
Mrs. Peterson was allowed to testify, over the objections of Brown and Deer Creek who invoked the parol evidence rule, that Mr. Brown told her the house would be finished within ninety days and that no interest would be due on the note until such time as the house was finished. It is evident from this record that Mrs. Peterson was ready, willing and able to pay for the house upon its completion and that she did in fact pay the same, less $1,200.00 and interest allegedly due when the house was completed (except for a few minor items) on September 28, 1978.
The construction proposal of Brown, accepted by Mrs. Peterson, dealing with the specifications and price contains no provision with reference to time of completion. However, a note and deed of trust executed by Mrs. Peterson for the purpose of securing Deer Creek and Brown for the construction price provided "Note payable ninety days from date, with interest after maturity at 9% per annum until fully paid." These three instruments represent all of the written agreement with respect to the construction of this house. Therefore, they must be read together in order for us to determine whether there is an ambiguity as to when the house would be completed. Williams v. Batson, 186 Miss. 248, 187 So. 236 (1939); Wilson Industries, Inc. v. Newton County Bank, 245 So.2d 27 (Miss. 1971). When a contract for the construction of a house contains no specific time in which the construction is to be completed, the general rule is that a reasonable period of time for construction is inferred. Smith v. Mavar, 198 Miss. 170, 21 So.2d 810 (1945); Boyd Construction Co. v. T.L. James & Co., Inc., 477 F.2d 34 (5th Cir.1973).
However, where the contract is ambiguous or indefinite as to the construction period, then parol evidence is admissible for clarification. In the case sub judice, the proposal for building the home submitted by Deer Creek and Brown to Mrs. Peterson and accepted by her must be read together with the note and deed of trust which she executed to Deer Creek and Brown for the purpose of securing the construction price in order to determine the intent of the parties. When this is done, a clear ambiguity appears as to the length of time for construction because the proposal submitted by Deer Creek and Brown to Mrs. Peterson was silent as to when the construction would be completed. Yet, the note and deed of trust given to secure Deer Creek and Brown during the construction period clearly states that it was due and payable in ninety days. That provision in a deed of trust and note would not necessarily mean, in every instance, that the construction would be completed by that time. However, it reflects a strong probability in this case that such was the agreement. Therefore, it was not error for the trial court to allow parol evidence, i.e., Mrs. Peterson's testimony, that Brown told her that the house would be completed within ninety days, in order to shed light on the ambiguity. Clow Corp. v. J.D. Mullican, Inc., 356 So.2d 579 (Miss. 1978). Brown testified that he did not make such a representation. The jury was properly allowed to resolve the question.
Appellants next contend that the court erred in granting Instruction No. P-4 to the plaintiff.
We have carefully considered this assignment of error and are of the opinion that when all of the instructions are read together that the jury was properly instructed as to the law.
We are of the opinion that the court did not err in not granting defendants' motion *1173 for a mistrial on the ground that one of the plaintiff's witnesses had violated "the rule." In such cases, the trial court has much discretion and will not be reversed unless there has been a manifest abuse of that discretion. We find no such abuse here.
The appellants' further assign as error that the final judgment of the court erroneously decreased attorney's fees due appellants.
During the course of the trial, the parties stipulated and the court ordered that the question of attorney's fees to be awarded the prevailing party pursuant to Mississippi Code Annotated sections 75-24-5 and 75-24-15[2] would be taken up by the court without a jury following the disposition of the case in chief by the jury and subsequent motions, etc.
In her declaration, Mrs. Peterson had charged fraud under section 75-24-5 and that she would be entitled to attorney's fees if successful on that count of her declaration under section 75-24-15.
The trial court properly directed a verdict in favor of Deer Creek and Brown with regard to the fraud issue as no evidence of fraud was proven in violation of section 75-24-5.
After the case in chief, pursuant to the agreement of the attorneys, a separate hearing was held before the court with respect to what would constitute reasonable attorney's fees for defending the allegations of fraud under Count II of the declaration. The Honorable J. Murray Akers, a duly licensed and qualified attorney of Washington County, testified that the fair and reasonable value of attorney's fees to be paid an attorney in defense of the fraud issue was $5,000.00. There was no testimony or other evidence in rebuttal to this testimony. The trial Court found that a reasonable attorney's fee was the sum of $2,500.00.
It is well settled in this State that what constitutes a reasonable attorney's fee rests within the sound discretion of the trial court and any testimony by attorneys with respect to such fee is purely advisory and not binding on the trial court. We will not reverse the trial court on the question of attorney's fees unless there is a manifest abuse of discretion in making the allowance. We find no such manifest abuse of discretion in this case.
The remaining assignments of error are without merit.
Therefore, the judgment of the trial court is affirmed on direct appeal.

ON CROSS-APPEAL
The cross-appellant, Mrs. Peterson, appeals from that part of the trial court's ruling dismissing Count II of the declaration which charged fraud within the scope of section 75-24-5.
When a litigant charges fraud or alleges acts to have been committed which are proscribed by section 75-24-5 and is not successful under said count and charge, the party defending the charge is entitled to attorney's fees by virtue of section 75-24-15(2). On the other hand, if the party making the allegations is successful and prevails on such charge, then that party is, as the prevailing party, entitled to attorney's fees under the same section.
We are of the opinion first, that there was no fraud proven by clear and convincing evidence. Secondly, the alleged violation, i.e., that Deer Creek and Brown would complete the residence within ninety days when they well knew that it could not be completed within that time and that they did not intend to complete it within ninety days, does not fall within the purview of section 75-24-5(i) which proscribes: "Advertising goods or services with intent not to sell them as advertised."
We are of the opinion and so hold that the term "advertising" used in that subsection was intended to mean advertising and offering to the general public and does not include representations made during the negotiation process for the purchase of a particular item or items. It is not necessary *1174 for us to consider other provisions of the statute which must be proved before recovery can be had.
The cross-appellant, Mrs. Peterson, next contends that since she prevailed on other counts of her declaration that she was in fact the prevailing party. However, there is no merit to this contention. We are of the opinion and so hold that where a party charges a violation under section 75-24-5 and is not successful in recovering under that charge, the opposing (prevailing) party is entitled to attorney's fees for defending the allegation even though it is determined that the allegations did not in fact come within the purview of the section. Any party who charges fraud under section 75-24-5 does so at the risk of having attorney's fees assessed against him if that charge is successfully defended on any ground by the opposing party, and it is immaterial that recovery is had on other counts of a declaration. Of course, the allowable attorney's fees would only be the amount of attorney's fees reasonably incurred during the litigation for successfully defending that count of the declaration.
Therefore, the judgment of the trial court is affirmed as to the cross-appeal.
AFFIRMED ON DIRECT AND CROSS APPEALS.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.

APPENDIX I

§ 75-24-5. Prohibited acts or practices.
The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby prohibited:
(a) Passing off goods or services as those of another;
(b) Misrepresentation of the source, sponsorship, approval, or certification of goods or services;
(c) Misrepresentation of affiliation, connection, or association with, or certification by another;
(d) Misrepresentation of designations of geographic origin in connection with goods or services;
(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;
(f) Representing that goods are original or new if they are reconditioned, reclaimed, used, or secondhand;
(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
(h) Disparaging the goods, services, or business of another by false or misleading representation of fact;
(i) Advertising goods or services with intent not to sell them as advertised;
(j) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;
(k) Making false statements of fact concerning the reasons for, existence of or amounts of price reductions.
§ 75-24-15. Action or counterclaim by individual suffering loss  class actions prohibited.
(1) In addition to all other statutory and common law rights, remedies and defenses, any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use of employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by section 75-24-5 may bring an action at law in the court having jurisdiction in the county in which the seller, lessor, manufacturer or producer resides, or has his principal place of business or, where the act or practice prohibited by section 75-24-5 allegedly occurred, to recover such loss of money or damages for the loss of such *1175 property, or may assert, by way of setoff or counterclaim, the fact of such loss in a proceeding against him for the recovery of the purchase price or rental or any portion thereof, of the goods or services.
(2) In any action or counterclaim under this section of this chapter, the prevailing party shall recover in addition to any other relief that may be provided in this section a reasonable attorney's fee.
(3) Nothing in this chapter shall be construed to permit any class action or suit, but every private action must be maintained in the name of and for the sole use and benefit of the individual person.
NOTES
[1] (2) In any action or counterclaim under this section of this chapter, the prevailing party shall recover in addition to any other relief that may be provided in this section a reasonable attorney's fee.
[2] The full texts of both statutes appear in Appendix I to this opinion.