KING, Justice,
dissenting:
¶ 32. I dissent from the majority opinion herein, and would affirm the trial court’s verdict.
¶ 33. The majority finds that Denbury and Precision had an oral contract for an indefinite period which was terminable at will by either party. The majority suggests that this contract was for an indefinite period because it did not say the contract period was to commence and end on a predetermined date. Given the nature of this project, such a view is a bit myopic.
¶ 34. The scope of the project was Barksdale 1. The price was the bid as accepted for labor and materials. This was a project being designed as it was being constructed. As such, a firm time-line was not possible. When no time for performance is given, the general rule is that a reasonable period of time for construction is to be inferred. Deer Creek Constr. v. Peterson, 412 So.2d 1169, 1172 (Miss.1982). The parties indicated that there was no dissatisfaction with either the quality or the timeliness of Precision’s work.
¶ 35. Applying this general rule to the facts of this case, I do not believe that this Court can say beyond a doubt that the contract was so indefinite that the trial court was obligated to determine as a matter of law that this contract was terminable at will. As such, I believe the trial court correctly refused Denbury’s motion for summary judgment on this issue and properly submitted the following to the jury: (1) whether or not a contract existed and, (2) if so, the nature of that contract.
¶ 36. In paragraph 27 of its opinion, the majority states:
Denbury was free to terminate the contract, but Precision was entitled to reasonable notice of the termination. We have held that a reasonable time is “an issue for resolution by the jury as to whether appellant’s notice to terminate the contract was reasonable under the circumstances.” Therefore we reverse and remand for trial as to that issue, and we need not address the remaining issues.
*458 ¶ 37. The majority’s sole reason for reversing and remanding this matter for trial is to have the jury determine whether or not Denbury gave Precision reasonable notice of its intent to terminate the contract. Even a casual reading of the record before this Court reveals that the issue of whether Denbury gave Precision reasonable notice of contract termination was presented to the jury, which resolved that issue in favor of Precision.
¶ 38. Following a conference with the attorneys in chambers on jury instructions, at page 377 of the record, the trial judge stated:
All right, the attorneys for the respective parties and the Court have met in chambers to go over jury instructions. For the record, there were only two instructions which were not agreed upon by the parties. The first instruction, which was objected to by the plaintiff, was D-3, concerning the terminability [sic], at will of a contract.
The Court has revised the instruction, based upon the Federal case of Roberts versus Southern Wood Piedmont Company, et al., cited at 571 F.2d 276 [ (5th Cir.1978) ]. That case states that under Mississippi law, contracts for an indefinite period are terminable at will by either party upon giving reasonable notice to the other party. Based upon the language in that case, the court has had the parties modify that instruction.
(Emphasis added.)
¶ 39. The trial court then proceeded to give the modified instruction D-3, as instruction 10, which can be found in the record at page 578. That instruction, as given to the jury, stated:
A contract that does not contain a termination date is terminable at the will of either party upon reasonable notice to the other party. Accordingly, if you find by a preponderance of the evidence in this case that a contract existed between Precision Welding and Denbury, that the contract did not contain a termination date, and that Denbury provided reasonable notice to Precision Welding, then Denbury had a right to terminate the contract at will.
This instruction, which was given by the trial court, placed squarely before the jury the factual question of whether Denbury gave Precision reasonable notice of the termination of the contract. This court has no basis upon which to assume that the jury ignored the trial court’s instructions. This Court consistently has held that the jury is presumed to follow the court’s instructions. See J.K. v. R.K., 30 So.3d 290, 300 (¶ 36) (Miss.2009). And there is nothing in the record which indicates that the jury failed to follow the instructions of the trial court.
¶ 40. In determining whether the notice of termination was reasonable, the consideration of the duty of good faith and fair dealing is relevant. In this case, Denbury immediately terminated the contract based upon an issue that was not discussed with Precision prior to entering into the contract, an issue which did not go to the substance of the contract, and an issue of which it did not give Precision notice until after the event had occurred. Given these facts, there existed no substantial evidence to suggest to a jury that Denbury complied with the duty of good faith and fair dealing. Under these circumstances, there is no foundation upon which to find this notice of termination was reasonable.
¶ 41. The majority would have you believe that it alone knows what was or was not considered by the jury. It states that the jury did not find the contract to be terminable at will and, thus, never reached the issue of reasonable notice. Unless the majority participated in the jury delibera *459 tions, that conclusion is merely speculation. However, that is not the only possible conclusion which can be drawn from these facts. It is equally plausible that the jury, consistent with the instructions, found that: (1) a contract terminable at will existed, and (2) because Denbury terminated the contract based on an issue that did not go the substance of the contract, which was not discussed prior to formation of the contract, nor before it occurred, the notice was unreasonable. Having determined that the notice was unreasonable, the jury was allowed to award those damages, which it thought would make Precision whole.
¶ 42. For these reasons, I would affirm the judgment.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.